OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, defendant’s conviction of rape in the first degree vacated, and a new trial ordered.
 

 The trial court erred in refusing to give a missing witness charge addressing the inference that could be drawn from the People’s failure to call complainant’s common-law husband to testify concerning her physical condition, as observed by him, when she returned home the morning after the alleged rape.
 

 The proponent of a missing witness charge must make a prima facie showing that, among other things, the uncalled witness is knowledgeable about a
 
 material issue
 
 as to which evidence is already before the jury
 
 (see, People v Gonzalez,
 
 68 NY2d 424, 427). In this case, defendant admitted that he had intercourse with complainant but claimed the intercourse was consensual. His claim was supported by significant differences in the testimony concerning the nature and scope of complainant’s injuries as observed by a witness seeing her immediately after the incident with defendant and as observed by Police Officer Reilly as he saw her several hours later. A friend of complainant’s, to whose home she purportedly fled immediately after the alleged incident, testified that complainant arrived at her home "high” and excited, and talked about having had sex with defendant. This witness further stated that she observed that complainant’s lip was swollen, the buttons of her blouse were gone, and her pants zipper was broken — all of which can be consistent with consensual sexual relations. This description varied markedly from that of Officer Reilly, however, who noted that when he interviewed complainant the next day her right eye was swollen, bloodshot and half closed, her left shoulder was bruised, and her lip and
 
 *687
 
 cheek swollen. Thus, it appeared complainant’s husband was knowledgeable about a material issue in the case: whether the physical injuries sustained by complainant, as observed by Officer Reilly many hours after the alleged rape, were also observed by him when complainant returned home before reporting the crime. Additionally, complainant’s friend recounted that complainant was afraid to let her husband see her in her present condition, and that complainant had expressed fear of her husband in the past. Moreover, complainant conceded on cross-examination that her husband did not want her to associate with defendant and his family, was angry with her when she returned home from a gathering at his apartment and insisted that she file charges against defendant. While corroboration is no longer required in prosecutions for rape, here, because of the conflict in the testimony and the impeachment of the complainant, the husband’s evidence was material and could confirm the People’s evidence of forcible compulsion
 
 (see,
 
 Penal Law § 130.35 [rape in the first degree]). Accordingly, defense counsel was entitled to comment during summation on the People’s failure to call him as a witness and to an appropriate charge from the court on his absence
 
 (see, People v Wright,
 
 41 NY2d 172, 176).
 

 The People contend they could not be penalized for failing to call complainant’s husband because the evidence was cumulative. Having failed to argue that issue to the trial court, however, the People may not raise it for the first time on appeal
 
 (see, People v Gonzalez,
 
 68 NY2d 424, 430,
 
 supra).
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, conviction vacated and a new trial ordered in a memorandum.