■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND H. HUHN, Appellant.—Kane, J. P.

Defendant was indicted for 12 counts of sexual abuse in the first degree and 1 count of endangering the welfare of a child. At the conclusion of the trial, count No. 3 of the indictment was dismissed by County Court since it was identical to count No. 2, and the remaining counts were submitted to the jury which returned a verdict of not guilty to all but the first count, upon which defendant stands convicted. Of note is the fact that the first count of sexual abuse was the only one which specified a particular date or time as to when the act occurred. The other counts indicated that the incidents described therein had taken place sometime on a Saturday in a given month.

On this appeal, defendant contends that, inter alia, counts Nos. 1 through 12 should have been dismissed at the close of the People's case for lack of proof and that, in any event,

counts Nos. 2 through 12 should have been dismissed for failure to specify the time and date on which the incidents charged therein occurred.

We find no merit in this contention. The record clearly demonstrates proof beyond a reasonable doubt of every element of the crime charged in the first count of the indictment. The testimony of the victim, defendant's 16-year-old step-daughter, coupled with defendant's statements to the police after his arrest, constitute legally sufficient evidence to establish the crime of sexual abuse in the first degree *(see,* Penal Law § 130.65 [1]). Moreover, contrary to the argument advanced by defendant, it was proper for County Court to reserve decision on defendant's motion to dismiss counts Nos. 2 through 12 at the close of the People's case because the lack of a precise date or time of the commission of the crime charged was not necessarily a fatal defect as long as they were not essential elements of the crime charged *(see, People v Morris,* 61 NY2d 290, 295; *see also, People v Willette,* 109 AD2d 112, 115).

Defendant also contends that it was reversible error for County Court to order defense counsel not to comment on the People's failure to call defendant's wife as a witness. This argument must also be rejected. In order for a party to be entitled to a "missing witness" charge, there must be a showing that the witness in question, beyond being merely knowledgeable and available, was within the control of the party against whom the missing witness charge is sought *(People v Paulin,* 70 NY2d 685; *People v Gonzalez,* 68 NY2d 424, 428-429). When either party may produce the witness, the presumption is that the witness is under the control of the party to whom the witness would be favorably disposed *(People v Gonzalez, supra,* at 429). Here, defendant's wife, with whom he was still living at the time of the trial, cannot be considered under the control of the People so as to warrant a missing witness charge or entitle defendant to comment on the People's failure to call her as a witness. This is particularly true where, as here, defense counsel, in the presummation conference, stated that he was not going to ask for the charge although he was planning to mention something about it in summation. Thus, absent an unfavorable inference to be drawn from the People's failure to produce the witness, County Court properly precluded comment thereon by defense counsel, as a matter of discretion *(see, People v Charles,* 61 NY2d 321, 329).

Additionally, we find no reversible error in County Court's

direction to defense counsel that he turn over to the People notes prepared during a pretrial interview of a witness who testified on behalf of defendant at trial. The notes consisted of proposed questions defense counsel intended to ask the witness when she testified and the application by the People came after the witness had testified on direct examination (see, People v Damon, 24 NY2d 256, 261-262). Since defense counsel stated there was no written statement obtained from this witness, the notes can be considered a proper substitute and we fail to perceive how there could be any prejudice to defendant in this procedure.

Finally, we find no merit in defendant's other claims of prejudice during the conduct of the trial or in the rulings of County Court on evidentiary matters, including the characterization of defendant's statement as a "confession" (see, People v Sanchez, 92 AD2d 595, 596, affd 61 NY2d 1022). As to the sentence imposed, the court considered the nature of the crime and the circumstances under which it was committed, together with the contents of the probation report. There is no clear showing of an abuse of discretion by County Court in the exercise of its discretion, nor can the constitutionality of Penal Law § 70.00 be seriously questioned (see, People v Jones, 39 NY2d 694). Accordingly, the conviction must be affirmed.

Judgment affirmed. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.