■ WALTER KROHN, an Infant, by EUGENE KROHN, His Parent and Natural Guardian, et al., Respondents, v AGWAY PETROLEUM CORPORATION et al., Appellants. (And a Third-Party Action.)—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Best, J.), entered February 14, 1990 in Montgomery County, which, *inter alia,* denied defendants' motions for partial summary judgment on plaintiff Walter Krohn's claim for punitive damages.

Ten-year-old plaintiff Walter Krohn (hereinafter plaintiff) and his friend filled a carved Halloween pumpkin with gasoline and ignited it, causing burns to plaintiff. The two boys obtained the gasoline from a gas pump and storage tank on a farm owned by the friend's parents.

Plaintiff, by his father, and the latter individually, initiated this suit against defendants William M. Wilson's Sons, Inc. (hereinafter Wilson), the gas pump designer and manufacturer, and Agway Petroleum Corporation (hereinafter Agway), which purchased the pump from Wilson and apparently loaned both the pump and its accessories to the owner of the

farm. The complaint on behalf of plaintiff asks for compensatory and punitive damages; only compensatory damages are sought by the father in his derivative suit. Three causes of action are advanced: negligence, strict products liability (the pump lacked any sort of locking device which would have prevented young children from utilizing the pump), and breach of warranty.

Defendants separately moved for partial summary judgment dismissing the punitive damages claims. Plaintiffs cross-moved for an order precluding defendants from offering evidence at trial in contradiction of matter plaintiffs deem to have been admitted by defendants pursuant to notices to admit. Supreme Court denied defendants' motions without prejudice to renew at trial and granted plaintiffs' cross motion; defendants appeal.

Supreme Court precluded defendants from "introducing into evidence *any* applicable standards which may have existed at the time of the pump's development" (emphasis supplied). The court's determination reflects Wilson's failure to answer plaintiffs' notice to admit and Agway's corresponding admissions thereto (*see,* CPLR 3123 [a]). The facts noticed to be admitted were that: "The defendant[s] * * * do[ ] not have knowledge of the design criteria for the subject pump * * * the trade, industry, regulatory, or statutory standards to which the subject pump * * * w[as] designed or manufactured * * * the manufacturing process of the pump * * * the process of selection of components and accessories * * * [and] the process of assembly for the subject pump". The admissions elicited relate to defendants' knowledge as to the specific processes and considerations involved in developing the pump in question. What standards may have existed when the pump was developed is an entirely different matter. For this reason, defendants should only be precluded from introducing evidence regarding Wilson's knowledge of the standards and design criteria to which the pump and its accessory parts were designed or manufactured, and evidence of its knowledge of the manufacturing, selection and assembly process of these items. Inasmuch as Supreme Court's order precludes defendants from introducing any evidence of the standards in effect at the time the pump was manufactured, it is overly broad.

With respect to defendants' summary judgment motions, the claims for punitive damages insofar as they are grounded on breach of warranty and negligence should have been dismissed. Punitive damages are ordinarily not recoverable in contract actions absent conduct which evinces such a high

degree of moral turpitude and wanton dishonesty that it implies criminal indifference to civil obligations *(Walker v Sheldon,* 10 NY2d 401, 405), or activity which contravenes a public right *(see, Halpin v Prudential Ins. Co.,* 48 NY2d 906, 907). As the complaint contains no such allegations, punitive damages are unavailable.

And absent claims of wrongful motive, willful or intentional misdoing, or reckless indifference—equivalent to willful or intentional misdoing—exemplary damages are not appropriately awarded in tort actions *(Lugo v LJN Toys,* 146 AD2d 168, 171, *affd* 75 NY2d 850; *Frenya v Champlain Val. Physicians' Hosp. Med. Center,* 133 AD2d 1000; *Le Mistral, Inc. v Columbia Broadcasting Sys.,* 61 AD2d 491, 495, *appeal dismissed* 46 NY2d 940). The negligence cause of action alleges that defendants had or should have had "knowledge that persons in * * * plaintiff's class in the past had suffered severe personal injuries by reason of said unsafe equipment, but [defendants] heedlessly and with utter disregard of the consequences failed to take even the simplest, most obvious and least expensive means to prevent further occurrences of such injuries". Defendants submitted uncontradicted affidavits and deposition transcripts from their employees reciting that their corporate records indicated no similar complaints, accidents, or lawsuits. That defendants were unaware of similar occurrences effectively counters plaintiffs' assertion that defendants' conduct was "so flagrant as to transcend mere carelessness" *(Frenya v Champlain Val. Physicians' Hosp. Med. Center, supra,* at 1001). Accordingly, defendants' motions to dismiss plaintiff's request for punitive damages on the negligence cause of action should have been granted. Similarly, Agway's cross motion to dismiss the demand for punitive damages on the products liability cause of action should have been granted as Agway submitted unchallenged evidence that it neither designed nor manufactured the pump and tank.

Supreme Court properly denied, with leave to renew, Wilson's motion to dismiss the punitive damage claim in the products liability cause of action. While Wilson's compliance with applicable statutory or regulatory standards would constitute some evidence that it exercised due care when it manufactured and designed the pump *(see, Lugo v LJN Toys, supra),* the evidence offered by Wilson, contained in an affidavit by Douglas Smith, Wilson's customer technical services representative since 1980, is inadmissible. Smith averred that "[t]he manufacture of the subject pump *was* in accordance

with national standards" (emphasis supplied). This contradicts Wilson's earlier admission that it had no present knowledge or information regarding the standards that were considered and applied when the pump was manufactured and designed. And the lack of any similar incidents has no bearing on the care that Wilson exercised when it manufactured and designed the pump. As Wilson, the proponent of a motion for summary judgment, failed to demonstrate its entitlement to the requested relief (see, Zuckerman v City of New York, 49 NY2d 557, 562), the motion was properly denied.

Order modified, on the law and the facts, without costs, by reversing so much thereof as (1) denied defendants' motions for partial summary judgment dismissing plaintiff Walter Krohn's claim for punitive damages issuing from the breach of warranty and negligence causes of action, (2) denied defendant Agway Petroleum Corporation's cross motion for partial summary judgment dismissing said plaintiff's claim for punitive damages on the products liability cause of action, and (3) precluded defendants from introducing evidence regarding the standards existing at the time of the pump's development; defendants are precluded from introducing evidence regarding the knowledge of defendant William M. Wilson's Sons, Inc. regarding the standards and design criteria to which the pump and its accessory parts were designed or manufactured, and evidence of its knowledge of the manufacturing, selection and assembly processes of these items; and, as so modified, affirmed. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.