■ STEVEN R. WARNER, Respondent, v VILLAGE OF CHATHAM et al., Appellants. [598 NYS2d 863] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Connor, J.), entered April 20, 1992 in Columbia County, upon a verdict rendered in favor of plaintiff.

On May 12, 1986 Kevin Boehme, Chief of Police of defendant Village of Chatham in Columbia County, received a teletype from police in Fairfield, California, indicating that a particular Chevrolet Camaro Z28 had been reported stolen and was believed to be in the possession of plaintiff in the Chatham area. The information was reported to have come from Terri Norris, the alleged owner of the vehicle, who had filed a complaint with the Fairfield police, in which she claimed that plaintiff had stolen the vehicle and intended to forge her name on the ownership documents. Several hours after the teletype was received, the vehicle was located by Village police and plaintiff, who was driving, was arrested and charged with possession of stolen property, and the vehicle was impounded.

The car was towed by defendant Hunt's Taconic Automotive, Inc. (hereinafter Taconic) to its garage at the request of

the Village police. Norris subsequently dropped the charges against plaintiff, and Boehme informed Taconic that it could release the vehicle. Although Edward Hunt, the owner of the garage, sent a registered letter to plaintiff to inform him of the release, plaintiff had moved and the letter was returned. At some point, plaintiff went to Taconic to retrieve the car and an altercation over the storage fees broke out between plaintiff and Hunt. The latter claims that as a result of this incident, he asked Boehme for clarification as to who owned the vehicle and was told that Norris was the owner. Norris, however, though notified of the release of the vehicle, took no steps to retrieve it.

In January 1987 plaintiff commenced this action alleging that defendants unlawfully converted the car; both defendants answered, and Taconic interposed a cross claim against the Village, seeking indemnification on the theory that Taconic was acting as the Village's agent at all times. In January 1988, Taconic foreclosed its liens on the vehicle and Hunt purchased it at auction for $11,000, the amount due for towing and storage charges. He subsequently traded it for garage equipment worth $9,000. After a jury trial plaintiff, appearing *pro se,* was awarded $13,000 in compensatory damages against both defendants and $5,000 in punitive damages against Taconic. A judgment was entered, from which defendants appeal.

The evidence warrants finding that defendants unlawfully converted the car, for the conduct of each interfered with plaintiff's use and enjoyment of it (2 NY PJI 642; *see, Brown v Garey,* 267 NY 167, 170, *cert denied* 296 US 615; *Ahles v Aztec Enters.,* 120 AD2d 903, 903-904, *lv denied* 68 NY2d 611). There is evidence from which the jury could have inferred that although required by the criminal court to release the car to its owner—only plaintiff had produced ownership documents— the police told Hunt to release the car to Norris. And as for Hunt, the jury could have concluded that he interfered with plaintiff's use and enjoyment of the car when, fully aware of plaintiff's ownership claim, he instituted foreclosure proceedings against Norris only and did not apprise plaintiff of the impending sale *(see,* 23 NY Jur 2d, Conversion, § 28, at 239; *Ingram v Machel & Jr. Auto Repair,* 148 AD2d 324, 325, *appeal dismissed* 74 NY2d 792).

Save for the admission of a "bill of sale", which in actuality was nothing more than a written statement by Norris that she sold plaintiff the car, Supreme Court did not err, as defendants claim, in allowing plaintiff to introduce into evidence certain documents reflecting his ownership of the car.

The "bill of sale" was hearsay and its receipt into evidence improper, but given plaintiff's testimony as to ownership and the other ownership documents produced, its admission was harmless error (see, Tomanelli v Lizda Realty, 174 AD2d 889, 890).

Defendants also question the propriety of several statements made by plaintiff during his summation. We agree with Supreme Court that plaintiff's attempt to explain his criminal conviction was a reasonable response to the questionable remarks made by the defense in summation. And while plaintiff's reference to two items of evidence which were presented in a previous trial, but which were not before the jury in this case, was technically improper, it does not require reversal, for defendants' objections were sustained, plaintiff was openly admonished by Supreme Court within the hearing of the jury, no request was made for further curative instructions and the subjects were not mentioned again.

Of defendants' remaining arguments, we find merit only in their contentions that Supreme Court incorrectly charged the jury regarding the proper computation of damages, that the amount awarded for compensatory damages is unsupported by any evidence in the record, and that punitive damages were improperly awarded. The highest value attributed to the vehicle by any testimony or other evidence was $11,500, the amount plaintiff allegedly paid for it; no other evidence of other damages was presented. Therefore, the jury erred in awarding $13,000 in compensatory damages. As for punitive damages, they may be awarded only upon a finding of wanton, willful or malicious conduct (see, Krohn v Agway Petroleum Corp., 168 AD2d 858, 859-860). Hunt's testimony, which was not refuted, that his actions were based on Boehme's statement as to who was the actual owner of the car, demonstrate that his refusal to return the vehicle to plaintiff and his institution of foreclosure proceedings were undertaken in good faith and without malicious intent (see, Brown v Garey, supra, at 170). Under these circumstances, punitive damages are not appropriate.

Weiss, P. J., Mikoll, Levine and Mercure, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as awarded damages, and matter remitted to the Supreme Court for a new trial on the issue of compensatory damages only, unless, within 20 days after service of a copy of the order to be

entered herein, plaintiff shall stipulate to reduce the amount of the verdict to $11,500, in which event the judgment, as so reduced, is affirmed.