■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CHARRON, Appellant. [604 NYS2d 311] —Cardona, J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered January 9, 1992, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree (three counts).

Defendant was convicted of three counts of criminal sale of a controlled substance in the third degree. Defendant initially contends that County Court committed error when it required disclosure of a single page of notes made by defendant's counsel during the course of a pretrial interview of a defense witness prior to direct testimony. We disagree. Under CPL 240.45 (2) (a), a defendant has an obligation to turn over to the People "any written or recorded statement made by a person other than the defendant whom the defendant intends to call as a witness at the trial, and which relates to the subject matter of the witness's testimony". This disclosure is required to be made "[a]fter presentation of the people's direct case and

before the presentation of the defendant's direct case" (CPL 240.45 [2]). Because defense counsel took no pretrial statement from the witness, the notes were properly considered as a substitute (see, People v Huhn, 140 AD2d 760, 762, lv denied 72 NY2d 919). We note that County Court redacted the notes to delete the proposed questions which defense counsel intended to ask and thus only required disclosure of those portions that were deemed declarative. We discern no prejudice to defendant in the court's use of this procedure (see, supra, at 762).

Defendant next contends that County Court erred in allowing the jury to use tape transcripts during its deliberations. Here, the audibility of the tape recordings and the accuracy of the corresponding transcripts had been established before the court allowed their admission at trial. The court gave specific instructions to the jury during the trial and during its deliberations that the transcripts were only being received as aids and were not themselves to be considered evidence. Furthermore, during deliberations when the jury requested to be supplied with the tape transcripts, County Court complied with the request and at the same time specifically instructed that the tapes themselves would be made available to the jury. In fact, the jury subsequently acted upon this instruction by requesting to listen to one of the tapes. Under these circumstances, we find no abuse of discretion by permitting the jury to use the tape transcripts as an aid during its deliberations (see, People v Kuss, 81 AD2d 427, 429-430).

Finally, defendant contends that his sentence of three concurrent terms of imprisonment of 8⅓ to 25 years was unduly harsh and excessive. " '[T]he imposition of the sentence rests within the sound discretion of the trial court, and we should not interfere unless there has been a clear abuse of discretion or extraordinary circumstances' " (People v Simon, 180 AD2d 866, lv denied 80 NY2d 838, quoting People v Harris, 57 AD2d 663). Defendant's sentence was within the statutory parameters (see, Penal Law § 70.00 [2] [b]; [3] [b]). The record shows that County Court properly exercised its discretion in considering the individual circumstances of defendant, a first-time offender, and the serious nature of the crimes committed (see, People v Pedraza, 66 NY2d 626, 627). We note that defendant was found guilty of three distinct criminal acts for which he could have been sentenced to consecutive indeterminate terms of imprisonment. We do not find this to be an appropriate case in which to exercise this Court's discretion to modify the sentence in the interest of justice.

Crew III, J. P., White, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Columbia County for further proceedings pursuant to CPL 460.50 (5).