■ LAWRENCE MAJOR, Respondent, v COMMUNITY GENERAL HOSPITAL et al., Defendants, and PAUL G. JONES, Appellant. [605 NYS2d 149] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Bradley, J.), entered July 8, 1992 in Sullivan County, upon a verdict rendered in favor of plaintiff against defendant Paul G. Jones.

Plaintiff seeks damages against defendant Paul G. Jones (hereinafter defendant), an orthopedic surgeon, arising out of

his treatment of plaintiff at defendant Community General Hospital for a fractured left humerus bone sustained in an automobile accident that occurred on March 5, 1988. Plaintiff contends that defendant's failure to perform an open reduction to align the broken bone and opting instead for a closed reduction, a nonsurgical procedure using a hanging cast, constituted malpractice under the circumstances. Plaintiff was discharged from the hospital on March 5, 1988. When his arm failed to heal, defendant referred plaintiff to another orthopedic surgeon, Martin Altchek, who performed an open reduction on the arm. Plates used in connection with the open reduction surgery were thereafter removed by Joseph Zuckerman on February 28, 1991.

At trial plaintiff presented evidence that defendant's negligence in treating him resulted in permanent injury. The jury found defendant's negligence was a proximate cause of plaintiff's injuries and awarded him $40,000 for pain and suffering plus $75,000 in future damages. This appeal ensued.

Because we find merit to defendant's contention that Supreme Court committed reversible error in denying his request for a missing witness charge as to Altchek and Zuckerman, the judgment should be reversed and the matter remitted for a new trial. Where, as here, plaintiff's treating physicians are "in a position to give substantial evidence, not merely cumulative evidence" and they "appear * * * to be under the party's control", a missing witness charge is appropriate (Diorio v Scala, 183 AD2d 1065; see, Godfrey v Dunn, 190 AD2d 896, 897). Altchek performed surgery that defendant decided not to perform two weeks previously. In such circumstances Altchek was in a position to give substantial, not merely cumulative, evidence on the issues (see, Dukes v Rotem, 191 AD2d 35, 39, lv granted 197 AD2d 425). Plaintiff testified at trial that after Zuckerman removed the plates, he had complaints of pain and numbness in the left upper arm, and numbness and tingling in the fingers. Zuckerman prescribed physical therapy for the injury which, at the time of trial, he was still receiving twice a week. Good will may be inferred from these circumstances. Inasmuch as plaintiff presented no evidence of any lack of control over the two physicians (see, Diorio v Scala, supra; Wilson v Bodian, 130 AD2d 221, 234-235), the missing witness charge should have been given (see, Dukes v Rotem, supra, at 39-40).

In view of our resolution of this issue, we find it unnecessary to comment on defendant's other arguments for reversal.

Yesawich Jr., Mercure, Crew III and Casey, JJ., concur.

Ordered that the judgment is reversed, on the law, with costs to abide the event, and matter remitted to the Supreme Court for a new trial as to defendant Paul G. Jones.