■ TRINA JACKSON, Appellant, v COUNTY OF SULLIVAN, Respondent. [648 NYS2d 808] —White, J. Appeal from a judgment of the Supreme Court (Kane, J.), entered May 26, 1995 in Sullivan County, upon a verdict rendered in favor of defendant.

Plaintiff was assaulted by her boyfriend while visiting him at the Sullivan County Jail where he was incarcerated. Thereafter, she commenced this personal injury action claiming that

---

defendant was negligent in providing adequate security in its jail. Following a trial on the issue of liability, the jury returned a verdict of no cause of action. Plaintiff appeals.

During the course of plaintiff's testimony, it developed that her cousin was present when plaintiff was assaulted, but plaintiff elected not to produce her as a witness on her behalf. As a consequence, pursuant to defendant's request, Supreme Court included a missing witness charge in its instructions to the jury which plaintiff maintains was error.

A party is entitled to a missing witness charge when an uncalled witness possessing information on a material issue would be expected to provide noncumulative testimony in favor of the opposing party and is under the control of and available to that party (*see*, *Savage v Shea Funeral Home*, 212 AD2d 875, 876; *Smith v Lebanon Val. Auto Racing*, 194 AD2d 946, 949). Here, there is no dispute that plaintiff's cousin was available, as a relative is generally considered under the control of the party (*see*, *Ausch v St. Paul Fire & Mar. Ins. Co.*, 125 AD2d 43, 48, *lv denied* 70 NY2d 610). The question distills to whether the testimony of plaintiff's cousin would have been noncumulative.

The trial testimony regarding the circumstances surrounding the assault varied with plaintiff testifying that she and her boyfriend argued in a loud manner for about 3 to 10 minutes before he struck her three times over the span of three minutes. The Sheriff's Deputies contradicted plaintiff's testimony, recalling that upon hearing a sudden disturbance in the visiting room, they checked their monitor and saw plaintiff slumped down on a table. Two or three seconds later, they entered the room by which time the altercation had ended.

Given this record showing a sharp dispute regarding the circumstances surrounding the assault, the eyewitness account of plaintiff's cousin would not have been cumulative (*compare*, *Arpino v Jovin C. Lombardo, P. C.*, 215 AD2d 614, 615-616). Therefore, as plaintiff concedes that her cousin's testimony would have been material and having failed to demonstrate that the testimony would be cumulative, Supreme Court did not err in giving the missing witness charge (*see*, *Matter of Ismael S.*, 213 AD2d 169, 173; *Leven v Tallis Dept. Store*, 178 AD2d 466).

Plaintiff next argues that Supreme Court should not have precluded her attorney from advising the jury in his summation that defendant could have subpoenaed her cousin if it had believed that her testimony would have been favorable to it. This argument is meritless since plaintiff's counsel was not

entitled to make the desired comment because plaintiff's cousin was not under defendant's control (*see*, *People v Huhn*, 140 AD2d 760, 761, *lv denied* 72 NY2d 919; *Lyons v City of New York*, 29 AD2d 923, *affd* 25 NY2d 996).

Plaintiff's remaining contentions do not require extended discussion. The fact that a charge does not exactly track the pattern jury instructions is not a ground for reversal as long as it adequately conveys the sum and substance of the applicable law, as it did in this case (*see*, *Phillips v United Artists Communications*, 201 AD2d 634, 635). While the reference by counsel for defendant in his summation to "the County with the deep pocket" was improper, reversal is not required since Supreme Court gave prompt curative instructions which plaintiff accepted without objection (*see*, *Warner v Village of Chatham*, 194 AD2d 980, 982).

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.