■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLOVIS SERGEANT, Appellant. [664 NYS2d 649] —Yesawich Jr., J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered December 16, 1994, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

After allegedly selling crack cocaine to an undercover officer in the City of Troy, Rensselaer County, defendant was indicted on a single count of criminal sale of a controlled substance in the third degree. Following an unsuccessful attempt to suppress the officer's identification testimony, defendant proceeded to trial. His defense was grounded upon a theory of mistaken identity and an alibi. Convicted and sentenced to an indeterminate term of incarceration of 12½ to 25 years, defendant appeals.

At the outset, we reject defendant's contention that the means used by the undercover officer to identify the person from whom she had purchased cocaine, by viewing a book of "mug shots" of previous arrestees of the same race and gender, was unduly suggestive. And, to the extent they have been preserved for review, defendant's assertions that his arrest was improper, that the delay between the commission of the crime and defendant's prosecution deprived him of due process, and that he was denied a speedy trial are also unconvincing (*see, People v Lesiuk*, 81 NY2d 485, 490). Furthermore, were we to consider the propriety of the sentence imposed upon defendant, a predicate felon, we would find it unremarkable.

Nevertheless, defendant must be retried, for his request that County Court give a missing witness charge, respecting the People's failure to elicit testimony from two undercover New York State Troopers who were present during the illegal sale, should not have been denied. The witnesses in question—who, as police officers, pragmatically can be considered to have been within the control of the People (*see, People v Gonzalez*, 68 NY2d 424, 429-430)—were in the car with the testifying officer when she purchased the cocaine, and therefore in a position to observe the seller as he approached the vehicle, and completed the transaction. Plainly, they could be expected to "possess[ ] knowledge on the critical issue in the case" (*People v Erts*, 73 NY2d 872, 874), namely, whether defendant was indeed that individual. Hence, inasmuch as the People did not demonstrate that the Troopers were without material, relevant knowledge, that their testimony would have been cumulative to that provided by the officer who did testify, or that they were unavailable (*see, People v Kitching*, 78 NY2d 532, 536-537; *People v Erts, supra*, at 874; *People v Brown*, 34 NY2d 658, 660), the requested charge should have been given. The mere fact that the Troopers were physically available to be called by defendant does not warrant a different result (*see, People v Gonzalez, supra*, at 429).

Nor can this error be viewed as harmless where, as here, the only evidence linking defendant to the crime was the identification testimony of a single officer, which was far from compelling. Notably, the officer admitted on cross-examination that she had not noticed any wound or scar on defendant's face or neck at the time of the sale, although hospital records indicated that he had sustained a five to six-inch long machete wound just 11 days earlier. The injury required suturing and apparently resulted in a scar that was visible, despite the presence of facial hair, at the time of trial. In addition, defendant elicited

testimony from his mother to the effect that he had been staying with her in Brooklyn when the crime occurred. While other proof cast some doubt on the general credibility of her recollections, this—like the evidence regarding defendant's wound and scar—merely raised a credibility question, the jury's resolution of which was critical to the outcome of the case. Considering the record as a whole, it cannot be said that the evidence implicating defendant was so overwhelming that informing the jury of its right to draw an adverse inference from the People's failure to call other potential identification witnesses would, in all probability, have had no effect on the verdict (*see, People v Crimmins*, 36 NY2d 230, 238-240; *cf., People v Kitching, supra,* at 539). Defense counsel's attempts to highlight this deficiency in the People's case during her summation are not an effective substitute for an explicit instruction by County Court.

Defendant's remaining arguments have been considered, and found meritless.

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Rensselaer County for a new trial.