■ Marilyn Mushatt, as Parent and Guardian of Quandale Mushatt, an Infant, Appellant, v Cayuga Medical Center et al., Respondents. [687 NYS2d 825] —Crew III, J. Appeal from a judgment of the Supreme Court (Relihan, Jr., J.), entered September 15, 1997 in Tompkins County, upon a verdict rendered in favor of defendants.

On August 15, 1990, plaintiff gave birth to her son, Quandale, at defendant Cayuga Medical Center. The child, who was delivered via Cesarean section by plaintiff's now deceased obstetrician, Frank Flacco,* suffers from severe spastic cerebral palsy, profound mental retardation and a severe seizure disorder, all of which, plaintiff alleges, is due to the negligent care and treatment rendered by defendants prior to and during Quandale's birth. Following a jury trial, during the course of which extensive expert testimony was presented by the respec-

---

* Flacco died prior to the commencement of this action and his spouse, as executor of his estate, was named as a party defendant.

tive parties, the jury returned a verdict in favor of defendants, prompting this appeal.

Initially, we reject plaintiff's assertion that the underlying verdict is against the weight of the evidence. Although the respective experts generally agreed that oxygen deprivation was the cause of Quandale's injuries, plaintiff and defendant presented competing theories as to the precipitating events responsible for such lack of oxygen. In this regard, plaintiff's expert was of the view that the deceleration in the fetal heart rate noted at 3:40 A.M. on August 15, 1990, coupled with the presence of thick meconium upon the artificial rupture of plaintiff's membranes at 4:10 A.M., warranted the performance of an immediate Cesarean section upon plaintiff, who was "postdates" at that point, i.e., beyond the 42nd week of pregnancy, and that Flacco's three-hour delay in performing such surgery resulted in the oxygen deprivation associated with Quandale's injuries. Defendants' experts, on the other hand, opined that the fetus suffered an acute event approximately 36 to 48 hours prior to delivery which, in combination with an underlying chronic condition, resulted in the lack of adequate oxygen. According to defendants' experts, the monitoring of the fetal heart rate, the administration of Pitocin to augment plaintiff's contractions and the performance of the Cesarean section at approximately 7:20 A.M. on August 15, 1990 all fell within generally accepted standards and did not contribute to the injuries suffered by Quandale. Simply stated, the jury was presented with a conflict in the competing expert testimony, which it elected to resolve in favor of defendants, and we perceive no basis upon which to disturb that determination.

Plaintiff next asserts that Supreme Court erred in ruling that the Dead Man's Statute (see, CPLR 4519) precluded plaintiff's mother, Sarah Carthon, from testifying as to certain conversations she had with Flacco before and during plaintiff's hospitalization. Assuming, without deciding, that Supreme Court erred in concluding that Carthon, who testified that she was Quandale's adoptive mother, was a "person interested in the outcome of the event" within the meaning of CPLR 4519, we are of the view that such error was harmless as the testimony sought to be elicited from Carthon was not relevant to plaintiff's malpractice claim (see generally, Peters v Morse, 112 AD2d 559, 560).

Equally unpersuasive is plaintiff's contention that Supreme Court erred in permitting Terri Koski, a nurse at Cayuga Medical Center, and Mary Schrock, a social worker at Arnot Ogden

Medical Center (the facility to which Quandale was transferred shortly after his birth) to testify at trial regarding certain conversations they had with plaintiff relative to her drug and alcohol use during pregnancy. Specifically, plaintiff asserts that such testimony should have been barred due to defendants' failure to disclose Koski and Schrock in response to plaintiff's omnibus discovery demand and, further, that any statements made by her in this regard were inadmissible hearsay. We do not agree with either argument.

Although neither Cayuga Medical Center nor Flacco specifically identified Koski or Schrock in their respective responses to plaintiff's demand, both Koski and Schrock were identified in the respective hospital charts which, the record reveals, were available to plaintiff prior to trial. Indeed, plaintiff was questioned regarding her statements to Koski at her examination before trial, and counsel for plaintiff introduced such records into evidence at trial subject to a hearsay objection. Under such circumstances, plaintiff cannot claim surprise or undue prejudice as the result of any nondisclosure (*see, e.g., Beck v Albany Med. Ctr. Hosp.*, 191 AD2d 854, 856). Plaintiff's numerous challenges to the admissibility of her statements to Koski and Schrock have been examined and found to be lacking in merit.

The remaining arguments advanced by plaintiff do not warrant extended discussion. Plaintiff's assertion that Cynthia Kaplan, a pediatric pathologist testifying on behalf of Cayuga Medical Center, should not have been permitted to use photographic slides of Quandale's placental and cord tissue during the course of her testimony is unavailing. As the slides in issue did not fall within the scope of plaintiff's omnibus discovery demand, there can be no penalty for the alleged failure to disclose the existence thereof. Nor are we persuaded that Supreme Court erred in granting defendants a missing witness charge based upon plaintiff's failure to testify while denying plaintiff the requested charge as to defendant Rose Flacco, Flacco's spouse and the executor of his estate. Given her obvious role in the birth of her son and the allegations of drug and alcohol use, Supreme Court could reasonably conclude that, unlike Flacco's spouse, plaintiff indeed was knowledgeable about a material issue in the case and, had she taken the witness stand, would have provided testimony favorable to defendants (*see generally, Eagle Pet Serv. Co. v Pacific Empls. Ins. Co.*, 175 AD2d 471, 473, *lv denied* 79 NY2d 753). The remaining evidentiary issues raised by plaintiff have been examined and found to constitute harmless error or to be simply lacking in merit.

Cardona, P. J., Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.