■ HELEN GOVERSKI, Appellant, v MICHAEL MILLER et al., Respondents. [723 NYS2d 526] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Williams, J.), entered May 11, 2000 in Saratoga County, upon a verdict rendered in favor of defendants.

This appeal stems from an incident occurring on April 29, 1996, when plaintiff tripped and fell from a wooden stairway located on premises purchased by defendants Michael Miller and Denise Miller in March 1994. At the time of the accident, plaintiff was going to visit her sister, a tenant at the premises. At trial, plaintiff testified that the wooden stairway was wet due to rain and, although there was a handrail along the right side of the stairway, she did not recall utilizing it as she ascended the stairway. She indicated that she proceeded up the stairway somewhere between the middle and right side thereof and, as she climbed from the second to the third step, she either caught her foot underneath the third step or at its tip, causing her to lose her balance. She fell off the left side of the stairway, which did not have a railing.

Plaintiff commenced this personal injury action alleging that the stairway was improperly designed and constructed and, furthermore, that the Millers were negligent in permitting a dangerous, hazardous and unsafe condition to exist on their premises. The Millers filed a third-party action against Boghosian Brothers, Inc., which allegedly built the stairway in 1985 for the former owners, and an architect, William Stevens, whom the Millers hired in February 1994 to inspect the premises but who failed to identify any problems with the stairway at that time.[1] Thereafter, plaintiff amended her complaint to assert a direct negligence cause of action against Boghosian. Ultimately, the jury rendered a verdict in favor of defendants after concluding that plaintiff's own negligence was the sole cause of the accident, resulting in this appeal.

Initially, we are unpersuaded by plaintiff's argument that Supreme Court committed reversible error when it ruled that plaintiff did not lay a proper foundation in order to allow her

---

1. Supreme Court ultimately dismissed the third-party complaint against Stevens before the case was submitted to the jury.

expert, Richard Pikul, a civil engineer, to offer his opinion that the stairway violated the maximum riser height and the variation in riser height provisions set forth in the State Building Code. Supreme Court held that Pikul's opinion would not be submitted to the jury after an offer of proof showed that his conclusions as to the measurements of the riser heights were based on an assumption that plaintiff, at the time of the accident, was stepping onto a different part of the stairway than what her testimony indicated at trial.

Specifically, prior to the offer of proof, plaintiff testified that she was stepping between the middle and right side of the stairway when she tripped.[2] Pikul acknowledged that he was unsure of the exact location and offered to "split the difference" on his specific measurements of the riser heights at the center and the right side of the particular step in order to give an opinion. Notably, "the admissibility of expert testimony on a particular point is addressed to the discretion of the trial court" (De Long v County of Erie, 60 NY2d 296, 307). The pivotal concern is whether such testimony would be helpful, as opposed to unduly confusing (see, Prince, Richardson on Evidence § 7-301, at 457 [Farrell 11th ed]; see generally, People v Green, 250 AD2d 143, 145, lv denied 93 NY2d 873). Here, given the equivocal nature of Pikul's testimony and his additional concession that the riser heights of the wooden steps would naturally vary over time through warping and throughout the seasons based upon changing weather conditions, we are unpersuaded that Supreme Court abused its discretion.

Next, plaintiff contends that Supreme Court erred when it declined plaintiff's request for a missing witness charge against Boghosian with respect to Irving Paris, an architect who had examined the subject stairway at Boghosian's request and was disclosed as a possible witness. Specifically, Boghosian's response to plaintiff's expert demand revealed that Paris "may testify that there were no * * * building code violations * * * which were in any way causally related to the alleged accident involving [plaintiff]." At trial, however, Paris was not called to testify, although Pikul did indicate in his testimony that the lack of a railing or guard on the left-hand side of the stairway was a violation of the State Building Code and a deviation from standard practice.

---

2. Pikul apparently relied upon plaintiff's less specific testimony in her examination before trial which seemed to indicate that she was stepping closer to the central portion of the second step just prior to suffering her fall. Nevertheless, plaintiff clarified the issue at trial and it was argued by Boghosian's counsel that an explanation of, inter alia, this apparent discrepancy in relation to the various riser heights would be unduly confusing to the jury.

Notably, a party is entitled to a missing witness charge when the party establishes that "an uncalled witness possessing information on a material issue would be expected to provide noncumulative testimony in favor of the opposing party and is under the control of and available to that party" (*Jackson v County of Sullivan*, 232 AD2d 954, 955; *see, Leahy v Allen*, 221 AD2d 88, 92; *see also*, Prince, Richardson on Evidence § 3-140, at 89 [Farrell 11th ed]). Such a charge herein would have allowed the jury to infer that the testimony of Paris would not have contradicted the evidence offered by plaintiff (*see*, PJI 3d 1:75, at 98 [2001]). Although we agree that Supreme Court should have granted plaintiff's request for a missing witness charge based on Boghosian's failure to call Paris, we nevertheless conclude that the error was harmless and did not deprive plaintiff of a fair trial (*see, Dickerson v Woodbridge Constr. Group*, 274 AD2d 945). In that regard, we note that Supreme Court allowed the parties' counsel to comment on Paris' absence in their closing remarks (*see, DeVaul v Carvigo, Inc.*, 138 AD2d 669, 670, *lv denied* 72 NY2d 806, *appeal dismissed* 72 NY2d 914). Additionally, and more significantly, we note that Boghosian's attorney in his closing remarks conceded that the absence of the left handrail violated the State Building Code.[3] Based upon these extenuating circumstances, we conclude that reversal is not warranted.

Finally, we have examined plaintiff's remaining arguments challenging the propriety of Supreme Court's jury charge and, to the extent that they have been preserved for appellate review, find them to be unavailing.

Crew III, Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, with one bill of costs.

---

**3.** Boghosian's counsel argued that the violation was irrelevant given defendants' position that the absence of the left handrail was not a causative factor in this accident.