(October 21, 2004)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN CARLOS REYNOSO, Also Known as JUAN CARLOS REYNOSO-FABIAN, Also Known as PAPI, Appellant. [784 NYS2d 653]—Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered April 30, 1999, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled

substance in the third degree (five counts) and criminal posses-sion of a controlled substance in the third degree.

Defendant was charged in an indictment with five counts of criminal sale of a controlled substance in the third degree and one count of criminal possession of a controlled substance in the third degree as a result of his sale of cocaine to an undercover police officer. Defendant pleaded guilty to all of the charges in satisfaction of the indictment, as well as any uncharged crimes, and without any promise being made as to the sentence to be imposed. He was thereafter sentenced to six terms of 1 to 4 years in prison, three to run concurrently and three to run consecutively, resulting in an aggregate prison term of 3 to 12 years.

Defendant's sole contention on appeal is that the sentence imposed is harsh and excessive. Based upon our review of the record and the presentence investigation report, we disagree. Although defendant does not have a criminal record, he made five separate sales of cocaine to an undercover police officer in less than a one-month period of time. Inasmuch as each sale was a distinct act, consecutive sentences could have been imposed for each sale thereby further increasing the length of the sentence (*see People v Kendrick*, 261 AD2d 646 [1999], *lv denied* 93 NY2d 1021 [1999]). Notably, the sentence actually imposed was less than the maximum authorized (*see* Penal Law § 70.00 [2] [b]; [3] [b]). Defendant's only excuse for his conduct was that he exercised poor judgment after becoming caught up in the use of cocaine himself. Neither this nor any other aspect of the case persuades us that there are extraordinary circum-stances or an abuse of discretion warranting a reduction of the sentence in the interest of justice (*see People v Roberts*, 301 AD2d 756, 757 [2003]; *People v Charron*, 198 AD2d 722, 723 [1993], *lv denied* 83 NY2d 803 [1994]). Accordingly, we decline to disturb the sentence.

Mercure, J.P., Peters, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.