MICHAEL ZITO et al., Appellants, v CITY OF NEW YORK et al., Respondents. [857 NYS2d 575]—

In June 1998 the then-infant plaintiff Michael Zito (hereinaf-

ter the plaintiff) sustained injuries when he was shot by the defendant Hubert Desmangles, an off-duty New York City Corrections Officer. The plaintiff commenced this lawsuit against Desmangles and the City of New York alleging, inter alia, negligence and civil rights violations.

At trial, the plaintiff testified that on the night of the shooting, he had approached a cab on the street seeking to purchase a cigarette from the driver. However, the driver refused his request and drove away. The plaintiff further stated that later that night, while he was walking home, the cab returned and a passenger exited the vehicle and shot him in the back. Two other witnesses, who were friends of the plaintiff and had been with him on the night in question, also testified that the plaintiff was shot in the back.

The defendant Hubert Desmangles testified that the plaintiff approached the cab in which he was a passenger and allegedly stated, "[g]ive me your money or me and my boys will shoot you," whereupon the cab fled. However, Desmangles ordered the driver to return to the scene, which he did. Desmangles then exited the cab in order to use a nearby pay phone when he saw four or five males, including the plaintiff, accelerating their pace walk toward him. Desmangles testified that one of the men said, "let's get him," and the group accelerated its pace toward him. At that point, Desmangles drew his gun and fired at the plaintiff. Desmangles also testified that he shot the plaintiff in the stomach when he was about eight feet away.

The jury found both Desmangles and the plaintiff to be negligent and found Desmangles 15% at fault and the plaintiff 85% at fault in the happening of the incident. The jury awarded the plaintiff the sum of $450,000 for past pain and suffering, and $74,000 for past medical expenses, but no damages for future pain and suffering. On appeal, the plaintiff argues, inter alia, that the court erred in failing to redact part of his hospital record which indicated that the bullet entered through the front of his body and exited his back, that he was entitled to a missing witness charge with respect to the defendants' ballistics expert, and that the jury verdict was against the weight of the evidence with respect to the apportionment of fault.

We agree with the plaintiff's contention that it was error to admit into evidence the statement, contained in the history portion of the plaintiff's hospital records, that the bullet entered through the front of his body. Inasmuch as the record does not establish whether the statement was germane to either diagnosis or treatment, it constituted hearsay and should have been redacted from the record (see People v Townsley, 240 AD2d 955 [1997]; Wilson v Bodian, 130 AD2d 221 [1987]).

The court also erred in denying the plaintiff's request for a missing witness charge regarding the defendants' ballistics expert. A party is entitled to a missing witness charge when the party establishes that "an uncalled witness possessing information on a material issue would be expected to provide noncumulative testimony in favor of the opposing party and is under the control of and available to that party" (*Jackson v County of Sullivan,* 232 AD2d 954, 955 [1996]; *see Zeeck v Melina Taxi Co.,* 177 AD2d 692 [1991]; *Kupfer v Dalton,* 169 AD2d 819 [1991]). Here, it is undisputed that the ballistics expert was available and under the defendants' control, and the charge would have allowed the jury to infer that the expert's testimony would not have contradicted the evidence offered by the plaintiff with respect to the direction of the bullet, which was a central issue in the case (*see Goverski v Miller,* 282 AD2d 789 [2001]).

We further conclude that the verdict was against the weight of the evidence in that the jury failed to award any future damages. The standard for determining whether a jury verdict is against the weight of the evidence is whether the evidence so preponderated in favor of the movant that the verdict could not have been reached on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets,* 86 NY2d 744, 746 [1995]; *Figueroa v Sliwowski,* 43 AD3d 858 [2007]; *Travelers Indem. Co. v S.T.S. Fire Prevention,* 41 AD3d 835 [2007]). Where the verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view (*see Torres v Esaian,* 5 AD3d 670, 671 [2004]). Here, the evidence of the permanent injuries sustained by the plaintiff as a result of the shooting, which required multiple surgical interventions, was undisputed. Accordingly, a fair interpretation of such evidence does not support the jury's conclusion that the plaintiff was not entitled to any damages for future pain and suffering. Instead, it appears that the jury improperly arrived at a compromise verdict (*see Figliomeni v Board of Educ. of City School Dist. of Syracuse,* 38 NY2d 178 [1975]; *Califano v Automotive Rentals,* 293 AD2d 436, 437 [2002]; *Rivera v City of New York,* 253 AD2d 597, 600 [1998]).

For these reasons, we conclude that the judgment should be reversed and the matter remitted for a new trial. In light of this determination, it is unnecessary to reach the plaintiff's remaining contentions. Ritter, J.P., Santucci, Covello and Carni, JJ., concur.