■ DOROTHY R. GAGNON, Appellant, v ST. CLARE'S HOSPITAL, Defendant, and DARREN B. MITER et al., Respondents. [870 NYS2d 646]—

Cardona, P.J. Appeals (1) from a judgment of the Supreme Court (Catena, J.), entered December 26, 2007 in Schenectady County, upon a verdict rendered in favor of defendants Darren B. Miter and Schenectady Surgical Care Associates, P.C., and (2) from an order of said court, entered February 27, 2008 in Schenectady County, which denied plaintiff's motion to set aside the verdict.

Plaintiff raises two issues regarding the jury charge in this medical malpractice case; specifically, whether Supreme Court erred in delivering an "error in judgment" instruction and in declining to issue a missing witness instruction.

On January 9, 2004, plaintiff underwent laparoscopic surgery to repair an abdominal hernia. The surgery, which involved the insertion of composite mesh and titanium tacks, was performed by defendant Darren B. Miter, a doctor of osteopathic medicine who was, at that time, an employee of defendant Schenectady Surgical Care Associates (hereinafter SSCA). He was assisted by surgeon Paul Brisson, a partner in SSCA.

Plaintiff's recovery did not progress smoothly, prompting Miter to order tests, including a CT scan, blood work, and X rays, during the days following the operation. On January 16, 2004, Miter signed over plaintiff's care to Gerald Godfrey, a physician with SSCA, for the weekend. When Godfrey saw plaintiff the following day, her condition was markedly worse. He ordered a CT scan and scheduled immediate surgery, during which he found a perforation in the small bowel that had resulted in infection. As a result, plaintiff spent most of the following six months in hospitals and rehabilitation facilities before eventually returning home for good in July 2004.

Plaintiff commenced this medical malpractice action alleging, as relevant herein, that Miter was negligent in failing to diagnose and treat the perforation during the days immediately following the January 9, 2004 operation. The case was eventually discontinued as against defendant St. Clare's Hospital, but proceeded to a jury trial as against Miter and SSCA (hereinafter collectively referred to as defendants). Following the charge conference, Supreme Court granted defendants' request for an "error in judgment" charge and denied plaintiff's request for a missing witness charge as to Brisson. The jury ultimately returned a verdict finding that Miter was not negligent in his treatment of plaintiff. Thereafter, plaintiff moved to set aside the verdict on, among other grounds, the court's refusal to issue a missing witness charge. The court denied the motion. Plaintiff now appeals from both the judgment rendered on the verdict and the order denying the motion.

We agree with plaintiff that Supreme Court should have granted her request for a missing witness charge as to Brisson and, because we do not find that error to be harmless, we reverse and order a new trial on that basis. "[A] party is entitled to a missing witness charge when the party establishes that 'an uncalled witness possessing information on a material issue would be expected to provide noncumulative testimony in favor of the opposing party and is under the control of and available to that party' " (*Goverski v Miller*, 282 AD2d 789, 791 [2001], quoting *Jackson v County of Sullivan*, 232 AD2d 954, 955 [1996]; *see People v Gonzalez*, 68 NY2d 424, 427 [1986]). Defendants argue that the charge was properly denied in this case because Brisson's testimony would have been both cumulative and irrelevant. We are not persuaded on either point.

Plaintiff's theory of the case was that during the days immediately following the surgery, Miter should have diagnosed plaintiff's bowel perforation and treated her accordingly. To that end, plaintiff presented Godfrey's EBT testimony, wherein

he stated that his discharge summary following the January 17, 2004 surgery pointed to the bowel perforation having occurred during the January 9, 2004 surgery performed by Miter. In addition, physician Michael Leitner testified on plaintiff's behalf, opining that plaintiff's bowel was perforated, or received an injury that led to a later perforation, during the January 9, 2004 surgery. The defense's contrary theory was that the bowel perforation occurred sometime after Miter last saw plaintiff on January 16, 2004. In addition to Miter's testimony to that effect, the defense presented physician John Gebert who opined that the perforation manifested on January 17, 2004 and that it was probably due to the mesh that had been used to repair plaintiff's hernia. Given this sharp dispute on the timing of the perforation, Brisson's testimony—as the only eyewitness besides Miter to what occurred during the operation—would not have been cumulative (see *Jackson v County of Sullivan*, 232 AD2d at 955; *Leahy v Allen*, 221 AD2d 88, 91-92 [1996]; see also *People v Savinon*, 100 NY2d 192, 197 [2003]).

Nor would Brisson's testimony have been irrelevant. Defendants argue that the question whether the perforation actually occurred during the January 9, 2004 operation is not a material issue because plaintiff's malpractice claim centers on Miter's postoperative care of plaintiff rather than on his conduct during the surgery. However, as noted by plaintiff, the timing of the perforation is central to both parties' theories of the case. Plaintiff has presented evidence that the perforation occurred during the January 9, 2004 operation, which tends to strengthen her argument that Miter failed to diagnose and treat an existing bowel perforation in the days immediately following the surgery, while defendants have presented proof that the perforation did not occur until January 17, 2004, which tends to absolve Miter of liability. Because the jury's finding regarding the timing of the perforation could have influenced its ultimate determination on liability, Brisson's account would have been relevant (see *Goverski v Miller*, 282 AD2d at 790-791; *Mushatt v Cayuga Med. Ctr.*, 260 AD2d 730, 732 [1999], lv denied 93 NY2d 814 [1999]; *People v Sergeant*, 244 AD2d 702, 703 [1997]; *Major v Community Gen. Hosp.*, 199 AD2d 678, 679 [1993]). Furthermore, given the strength and quality of the parties' evidence on both sides of this issue, Supreme Court's decision not to give the missing witness charge cannot be deemed harmless error, notwithstanding plaintiff's opportunity to comment on Brisson's absence during summation. Accordingly, plaintiff is entitled to a new trial.

Our resolution of this issue renders plaintiff's remaining argument academic.

Spain, Malone Jr. and Stein, JJ., concur. Ordered that the judgment and order are reversed, on the law, and matter remitted to the Supreme Court for a new trial, with costs to abide the event.