Pat Marr, Appellant, *v.* Joseph P. Tumulty et al., as Receivers of the Southern States Oil Corporation, Middle States Oil Corporation and Gulf States Oil and Refining Corporation et al., Respondents, Impleaded with Others.

(Submitted May 18, 1931; decided June 2, 1931.)

(See 256 N. Y. 15.)

*Per Curiam.* Nothing in the moving papers gives ground for a reargument.

Finding 249 is a mere summary of Exhibit FFF, which is incorporated by reference. Examining the exhibit, we find that the 250,000 shares of stock of the Gulf Operating Company were not received by the Island committee directly from the company that issued them, but were ten per cent of about 2,500,000 shares of stock issued to the Southern and Middle corporations, and by these corporations transferred to the committee in return for shares of the refining company. The transfer was not overlooked in the opinion of the court. It was summarized and explained " lest it be thought to have been forgotten " (256 N. Y. 15, 25).

Finding 250 does not mean that the Island committee was a purchaser for value of the Marr shares, or even of shares of the Gulf Operating Company, but merely that it was a purchaser for value of the bonds and shares of the refining company. Nothing to the contrary is suggested in the opinion.

A motion is made, in the event of a denial of a reargument, that the remittitur be amended. An amendment will be allowed to the effect that the plaintiff shall have sixty days from the date of the entry of the judgment to be entered on the remittitur within which to tender the required payments of money and stock as a condition of the rescission, with permission, however, to the Supreme Court to extend the time limit so fixed if an extension appears to be necessary to advance the

ends of justice, and in default of such tender within sixty days or within an extension of the term, the plaintiff shall lose his right to make such rescission, and shall be forever barred and foreclosed from making it.

The directions of the judgment as to the acts required of the receivers are, we think, sufficiently precise to make confusion as to their duties a remote contingency. If such confusion should develop, the defendants will be permitted to renew this application.

The motion for a reargument is denied.

The motion for the amendment of the remittitur is granted, the return of the remittitur is requested, and when returned it will be amended in accordance with this opinion.

CARDOZO, Ch. J., CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur; POUND and HUBBS, JJ., not voting.