OPINION OF THE COURT
Gerard M. Weisberg, J.
Is an opinion contained in an autopsy report admissible when that document is otherwise unobjectionable?
In this action for wrongful death, claimant has offered the autopsy report concerning the death of his decedent. The defendant has objected to the following excerpt:
“Final Diagnosis: Undetermined natural cause,
2-24-82 probable cardiac arrhythmia.
Assoc. Cond:
Phenothiazine therapy.”
Generally, an opinion expressed in a record that is otherwise admissible under an exception to the hearsay rule may be entered into evidence if it was rendered by a person qualified to do so. (Murray v Donlan, 77 AD2d 337, 347, app dsmd 52 NY2d 1071; cf. Toll v State of New York, 32 AD2d 47, 50.) In this regard “[i]t is always competent for physicians to state their scientific opinions as to the nature of illnesses, their causes and probable results, founded upon the facts disclosed in the evidence.” (People v Kohlmeyer, 284 NY 366, 369.)
*605 Aside from the passage in question, the autopsy report was submitted without objection. The court, therefore, did not have to reach a conclusion concerning its admissibility in toto. It does appear, however, that the exhibit comes within the purview of the business entry or public document exceptions to the hearsay rule. (CPLR 4518; see Richardson, Evidence [10th ed], § 343; Fisch, NY Evidence [2d ed], § 954, n 21.)
From the report, it can be discerned that the autopsy was performed by Minoru Araki, M.D., the Deputy Chief Medical Examiner of Nassau County. As a physician holding that position, he is qualified to render an opinion concerning the cause of death. The statement in question is, therefore, admissible.
Schelberger v Eastern Sav. Bank (93 AD2d 188,198, affd 60 NY2d 506), cited by the defendant, is distinguishable. That case involved a conclusion in an autopsy report to the effect that the cause of death was suicide. A coroner is not qualified, based merely on his dissection of a cadaver, to render an opinion concerning a deceased’s intention to take his own life. He is, however, competent to state, if he can, his diagnosis as to the medical cause of death. This is what was done in the case at bar.