■ MEYER SEROTA et al., Respondents, v IRVING L. KAPLAN et al., Defendants, and CENTRAL GENERAL HOSPITAL, Appellant.—In an action, *inter alia,* to recover damages for wrong-

ful death, the defendant Central General Hospital appeals from a judgment of the Supreme Court, Queens County (Miller, J.), dated June 24, 1985, which is in favor of the plaintiff and against it in the amount of $540,000.75, upon a jury verdict.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and a new trial is granted.

The deceased, Selma Serota, a 59-year-old woman, was voluntarily admitted to the psychiatric ward of the defendant Central General Hospital in December of 1977 for the treatment of a depressive episode. On the evening of December 14, 1977, a staff nurse entered Mrs. Serota's semiprivate room to administer paraldehyde, a medication, to her roommate. The nurse testified that rather than checking the patients' identification bracelets to ascertain to whom the medication was to be given, she called out the roommate's name, to which the deceased responded "Yes". The nurse placed a glass containing the paraldehyde and orange juice mixture on the deceased's bedside stand and proceeded into the suite's bathroom to get the patient a glass of water. When she exited the bathroom, the nurse observed that the deceased had already begun to drink the medication mixture and assisted her in so doing by holding her hand. It was at this point that the nurse observed the identification band and realized that the wrong patient was being medicated. The nurse failed to inform her superiors as to the error and the deceased, who was discovered cyanotic and unresponsive at 6:10 A.M. that morning, was pronounced dead at 6:15 A.M.

The findings contained in the death certificate, which are consistent with those in the autopsy report and the interpretation of which was a critical issue at trial, state "Immediate Cause Undetermined Cause * * * As a Consequence of Paraldehyde and Thioridazine Ingestion".

At the trial, the appellant did not dispute that the nurse's action represented a departure from accepted standards of medical practice, but challenged the plaintiffs' theory that the synergistic effect of thioridazine, an antidepressant commonly known as Mellaril, which had been prescribed for the deceased, and paraldehyde, which was mistakenly administered to her, caused the death.

The appellant's case on this critical issue was severely undermined and thus, reversal is warranted. The opinion of one of the defense experts as to the cause of death, expressed by the witness as "[c]ause of death is undetermined" was

improperly stricken from the record as unresponsive *(cf., Walters v State of New York,* 125 Misc 2d 604), particularly in light of the testimony of another of the appellant's experts, a Deputy Chief Medical Examiner, that such a finding is rendered in a "certain percentage" of the cases when a Medical Examiner is unable to reach a conclusion as to the cause of death.

Moreover, the nature of the questioning engaged in by the court immediately after its ruling regarding the nature of the finding of "undetermined cause of death" evinced the Judge's disbelief in the defense case, a conclusion which is confirmed by the trial court's subsequent remarks to the appellant's counsel *(see, Lopez v Linden Gen. Hosp.,* 89 AD2d 1010; *Livant v Adams,* 17 AD2d 784).

Finally, the plaintiffs' counsel was impermissibly permitted to impeach the defense experts' credibility regarding the lethal dosage of paraldehyde, albeit indirectly, by referring to a medical book which was not conceded to be authoritative by the witnesses *(see,* Richardson, Evidence § 373 [Prince 10th ed]). Lawrence, J. P., Eiber, Kunzeman and Sullivan, JJ., concur.