■ NOLAH BLADES, Respondent, v FRANKLIN GENERAL HOSPITAL, Defendant, and M. LEON CANICK, Appellant. [604 NYS2d 590] —In an action to recover damages for personal injuries based on medical malpractice, the defendant M. Leon Canick appeals (1) from an order of the Supreme Court, Kings County (Monteleone, J.), entered January 16, 1991, which denied his motion, made after trial, to amend his answer to add an affirmative defense of contributory negligence and to reinstate the jury's finding of culpable conduct on the part of the plaintiff, and (2), as limited by his brief, from so much of a judgment of the same court, entered January 18, 1991, as is in favor of the plaintiff and against him in the principal sum of $374,049.90.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

On September 9, 1986, the plaintiff underwent breast reduc-

tion surgery. The record indicates that she developed an infection in her right breast while she was hospitalized, but the appellant did not discover or treat it at the time. Upon her discharge from the hospital on September 13, 1986, she was given antibiotics to be taken orally four times a day. The plaintiff visited the appellant in his office on September 15, 1986, and September 18, 1986. On September 18, the appellant expressed foul-smelling pus from the plaintiff's right breast. He instructed her to soak her right breast with warm soapy water and to change the dressings, and gave her another prescription for oral antibiotics. On September 20, 1986, the plaintiff was readmitted to the hospital through the emergency room. Her right breast was swollen and tender, and there was copious pus. There is a notation on the history portion of the hospital admission form that the plaintiff said that she had begun oral antibiotics two days earlier. She explained at the trial that she was referring to the antibiotics for which she "had just got another prescription 2 days back". The dressings were not changed until she was readmitted to the hospital. The infection caused scarring and deformity of the plaintiff's right breast, for which she sought monetary damages from the appellant. The jury apportioned 75% of the fault to the appellant and 25% to the plaintiff. On the plaintiff's counsel's oral motion, made after the verdict, the court set aside so much of the verdict as found the plaintiff 25% at fault. The court denied the appellant's written post-trial motion to reinstate the 25% apportionment of fault against the plaintiff and for leave to amend his answer, pursuant to CPLR 3025 (c), to add an affirmative defense of culpable conduct on the part of the plaintiff. We affirm.

Since the record is devoid of any evidence which could have led the jury to conclude that the plaintiff contributed to her injuries by failing to follow the appellant's instructions, the trial court properly set aside the jury's apportionment of fault against the plaintiff (see, Cohen v Hallmark Cards, 45 NY2d 493, 499). The appellant did not pursue the issue of the plaintiff's culpable conduct during the trial. His attorney admits that it was the trial court that "raised this issue in the first instance" by asking him whether he would desire a charge on contributory negligence, "and the court ultimately gave this issue to the jury to decide". It was the trial court that asked Dr. Lawrence W. Reed, the appellant's expert on plastic surgery, whether the plaintiff could have contributed to her injuries if she failed to take the antibiotics that the appellant had prescribed. He replied, "It's hard to say". Dr.

Judith Axelrod, the appellant's infectious disease expert, testified that there is no way to know whether a warm soak could penetrate into what possibly might be a deep infection which the plaintiff had. There is no other evidence in the record to establish what causative effect the plaintiff's alleged failure to follow the appellant's instructions had or could have had with respect to her injuries. Also, the court did not improvidently exercise its discretion in denying the appellant's post-trial motion to amend his answer to assert an affirmative defense of the plaintiff's contributory negligence, since he is guilty of extended delay and his claim lacks merit *(see, Evans v Kringstein,* 193 AD2d 714). Thompson, J. P., Bracken, Balletta and Santucci, JJ., concur.