■ DEBRA GOLSON, Respondent, v KWABENA A. ADDEI, Appellant. [628 NYS2d 151] —In an action to recover damages for medical malpractice, the defendant appeals from a judgment of the Supreme Court, Nassau County (Segal, J.), dated December 28, 1992, which upon an order of the same court (Murphy, J.), granting the plaintiff's motion pursuant to CPLR

4404 (a) to set aside a jury verdict finding the plaintiff 90% at fault, directing the entry of a judgment in the plaintiff's favor on the issue of liability upon its finding that the defendant was 100% at fault, and directing a new trial on the issue of damages, is in favor of the plaintiff and against him in the principal sum of $861,400.75.

Ordered that the judgment is affirmed, with costs.

We agree with the Supreme Court's determination that there was no rational process by which a jury could have concluded that the plaintiff negligently contributed to the deterioration of his own medical condition and to the subsequent amputation of his leg *(see, Cohen v Hallmark Cards,* 45 NY2d 493, 499; *Blades v Franklin Gen. Hosp.,* 199 AD2d 232). Accordingly, the court properly set aside the jury's verdict that the plaintiff was contributorily negligent.

More specifically, and contrary to the defendant's contentions, the Supreme Court properly concluded that the evidence presented with respect to the plaintiff's smoking as an instance of contributory fault consisted "merely of general conclusions, conjecture, and speculation about the physical consequences of smoking". Nor was there sufficient evidence introduced establishing that the plaintiff was ever specifically apprised of the detrimental effects continued smoking allegedly could have upon someone afflicted with his particular condition *(see, Blades v Franklin Gen. Hosp., supra,* at 233; *cf., Ogle v State of New York,* 191 AD2d 878, 881). Finally, the court correctly found that the evidence adduced with respect to the argument that the plaintiff worsened his condition by walking on his injured leg, was vague and speculative, and therefore insufficient to rationally support a finding that any such activity contributed to the plaintiff's injury. Accordingly, the court properly set aside the jury's verdict to the extent that the jury found the plaintiff to be contributorily negligent.

While the court erred in permitting the plaintiff's counsel to impeach the credibility of the defendant's expert by referring to the Physician's Desk Reference which was not conceded to be authoritative by the witness *(see, e.g., Winant v Carras,* 208 AD2d 618; *Serota v Kaplan,* 127 AD2d 648, 650), we find that the error was harmless under the circumstances of this case *(see, Burton v New York City Hous. Auth.,* 191 AD2d 669, 670-671; *Kutanovski v DeCicco,* 152 AD2d 540, 541).

None of the defendant's remaining contentions warrant reversal of the judgment appealed from. Balletta, J. P., O'Brien, Thompson and Ritter, JJ., concur.