■ KAREN L. VAN NOSTRAND, Respondent, v ROSARIO FROEHLICH et al., Appellants. [795 NYS2d 318]—

In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Nassau County (Dunne, J.), entered January 14, 2004, which, upon a jury verdict finding that the plaintiff sustained damages in the principal sums of $150,000 for past pain and suffering and $400,000 for future pain and suffering, is in favor of the plaintiff and against them.

Ordered that the judgment is modified, on the law and as an exercise of discretion, by deleting the provisions thereof awarding damages for past and future pain and suffering, and a new trial is granted on the issue of those damages; as so modified, the judgment is affirmed, with costs to the appellant, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Nassau County, a written stipulation to reduce the verdict as to damages for past pain and suffering from the sum of $150,000 to the sum of $100,000, and for future pain and suffering from the sum of $400,000 to $200,000, and to the entry of an amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The 19-year-old plaintiff was injured when her vehicle was struck from behind by a vehicle driven by the defendant Rosario Froehlich. During the trial, she put forth evidence that she suffered a herniated disc at the C3-4 level and a herniated disc at the L5-S1 level. The jury found that she sustained a serious injury (*see* Insurance Law § 5102 [d]), and awarded her the principal sums of $150,000 for past pain and suffering, and $400,000 for future pain and suffering over 57.3 years.

Under the facts of this case, the award of damages for past and future pain and suffering deviated materially from what would be reasonable compensation to the extent indicated herein (*see* CPLR 5501 [c]; *Cromas v Kosher Plaza Supermarket,* 300 AD2d 273 [2002]; *Lamuraglia v New York City Tr. Auth.,* 299 AD2d 321 [2002]). Cozier, J.P., Krausman, Mastro and Fisher, JJ., concur.