■ DIANNE MALASPINA, Respondent-Appellant, v VICTORY MEMORIAL HOSPITAL, Defendant and Third-Party Plaintiff-Appellant-Respondent, DYKER EMERGENCY PHYSICIANS, P.C., Respondents, et al., Defendant. ROBERT PATY et al., Third-Party Defendants-Respondents, et al., Third-Party Defendant. [815 NYS2d 177]—

In an action to recover damages for medical malpractice, the defendant third-party plaintiff appeals from so much of a judgment of the Supreme Court, Kings County (Hurkin-Torres, J.), dated June 21, 2004, as, upon a jury verdict finding it 50% at fault and awarding damages in the sums, inter alia, of $20,000

for past pain and suffering and $220,000 for future pain and suffering, is in favor of the plaintiff and against it, and the plaintiff cross-appeals, as limited by her brief, on the grounds of inadequacy, from so much of the same judgment as awarded her the sum of only $240,000 for past and future pain and suffering.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the provision thereof awarding damages for past pain and suffering, and a new trial is granted on the issues of damages for past pain and suffering only; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiff payable by the defendant third-party plaintiff and the defendant Dyker Emergency Physicians, P.C., unless, within 30 days after service upon them of a copy of this decision and order, the defendant third-party plaintiff and the defendant Dyker Emergency Physicians, P.C., shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to increase the verdict as to damages for past pain and suffering to the principal sum of $150,000 and to the entry of an appropriate amended judgment accordingly; in the event the defendant third-party plaintiff and the defendant Dyker Emergency Physicians, P.C., so stipulate, then the judgment, as so increased and amended, is affirmed insofar as appealed and cross-appealed from, without costs and disbursements.

While a patient at the defendant third-party plaintiff, Victory Memorial Hospital (hereinafter the Hospital), under the care of, among others, employees of the defendant Dyker Emergency Physicians, P.C. (hereinafter Dyker), the plaintiff's appendix ruptured. The plaintiff alleged, and the jury found, that her injuries were caused by the failure of the third-party defendant Dr. Robert Paty, an employee of Dyker, to timely and accurately diagnose her condition, and by the failure of the Hospital's nursing staff to monitor the plaintiff's temperature during a period of more than eight hours.

Viewing the evidence in the light most favorable to the plaintiff, a valid line of reasoning and permissible inferences supported the jury determination that the nursing staff's conduct was a substantial factor in the failure to timely diagnose the plaintiff's appendicitis, and, as such, the verdict, in this regard, was supported by legally sufficient evidence (see Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]). Moreover, we find that the apportionment of 50% of the fault to the Hospital was based on a fair interpretation of the evidence and, therefore, was not against the weight of the evidence (see Meade

v Hisler, 306 AD2d 387 [2003]; *Nicastro v Park,* 113 AD2d 129, 134 [1985]).

Under the circumstances presented, we find that the jury award of the sum of $20,000 for past pain and suffering materially deviated from what would be reasonable compensation to the extent indicated herein (*see* CPLR 5501 [c]; *Tyberg v Tomasino,* 19 AD3d 405 [2005]).

The remaining contentions of the plaintiff and the Hospital are without merit. Krausman, J.P., Luciano, Fisher and Dillon, JJ., concur.