■ MICHAEL O'DONNELL, Respondent, v GRIGORE BLANARU, Appellant. [822 NYS2d 316]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Queens County (Kitzes, J.), entered March 19, 2004, which, upon a jury verdict finding him 85% at fault in the happening of the accident and the plaintiff 15% at fault, is in favor of the plaintiff and against him in the principal sum of $760,200, including $42,000 for future medical expenses and $10,000 for future hospital expenses.

Ordered that the judgment is modified, on the law, by deleting the provision thereof awarding the plaintiff the sum of $42,000 for future medical expenses and $10,000 for future hospital expenses and substituting therefor a provision severing the plaintiff's causes of action to recover damages for future medical and hospital expenses and granting a new trial with respect thereto; as so modified, the judgment is affirmed, with costs to the defendant, unless within 30 days after service upon him of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to damages for future hospital expenses from the sum of $10,000 to the sum of $0, and for future medical expenses from the sum of $42,000 to the sum of $12,600 and to the entry of an appropriate amended judgment in his favor; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for the entry of an appropriate amended judgment accordingly.

The jury award for future medical expenses in the sum of $42,000 is based in part on speculation, and the record supports

an award no greater than $12,600 for that category of damages (*see Sanvenero v Cleary,* 225 AD2d 755, 756 [1996]). The award of future hospital expenses is unsupported by the record. We agree, however, that the remainder of the award of damages does not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]).

We reject the defendant's claim that the jury's apportionment of fault was against the weight of the evidence (*see Evers v Carroll,* 17 AD3d 629, 631 [2005]).

The defendant's remaining contentions are without merit. Crane, J.P., Krausman, Luciano and Rivera, JJ., concur.