■ ARNOLD J. KAPLAN et al., Respondents, v MICHAEL MI-RANDA, Appellant. [830 NYS2d 755]—In an action, inter alia, to recover damages for conversion, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), entered July 7, 2005, as denied his motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the plaintiffs and against him on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

For a court to conclude that a jury verdict is unsupported "by sufficient evidence as a matter of law, there must be 'no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial' " (*Nicastro v Park*, 113 AD2d 129, 132 [1985], quoting *Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *see also Soto v New York City Tr. Auth.*, 6 NY3d 487 [2006]). Moreover, a jury verdict will not be set aside and a new trial granted unless the verdict could not have been reached on any fair interpretation of the evidence

(*see* CPLR 4404 [a]; *Cohen v Hallmark Cards, supra* at 498-499; *Bobek v Crystal*, 291 AD2d 521, 522 [2002]; *Nicastro v Park, supra* at 134). In this case, the verdict on the issue of liability was supported by legally sufficient evidence and was not contrary to the weight of the evidence (*see Soto v New York City Tr. Auth., supra; Cohen v Hallmark Cards, supra* at 498-499; *Bobek v Crystal, supra* at 522; *Nicastro v Park, supra* at 132-133).

The defendant's remaining contentions are without merit.

Motion by the respondents on an appeal from an order of the Supreme Court, Nassau County, entered July 7, 2005, to dismiss the appeal to the extent the appellant seeks to appeal from the jury verdict and to strike the trial transcript from the record on appeal and all references thereto in the appellant's brief on the ground that the trial transcript constitutes material dehors the record. By decision and order on motion of this Court dated August 1, 2006, the motion was held in abeyance and referred to the Justices hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is denied.

We note that in appealing from an order denying the appellant's motion to set aside a jury verdict, it was proper for him to include the trial transcript in the record on appeal and make references thereto in his appellate brief (*see* CPLR 5525 [a], [c]; 5526; 22 NYCRR 670.10-a, 670.10-b [e]; *Gerhardt v New York City Tr. Auth.*, 8 AD3d 427 [2004]; *Eastern Numismatics v Binnick*, 300 AD2d 620 [2002]; *Whyte v Destra*, 298 AD2d 384 [2002]; *Lowry v Suffolk County Water Auth.*, 287 AD2d 551 [2001]; *see also Matter of Rudick v Rudick*, 16 AD3d 514 [2005]; *Garnerville Holding Co. v IMC Mgt.*, 299 AD2d 450 [2002]). Schmidt, J.P., Rivera, Covello and Balkin, JJ., concur.