■ KAREN WHITNEY, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [832 NYS2d 276]— In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from (1) a judgment of the Supreme Court, Queens County (Nelson, J.), entered November 3, 2005, which, upon a jury verdict on the issue of liability, is in favor of the defendants and against her, in effect, dismissing the complaint, and (2) an order of the same court dated March 21, 2006, which denied her renewed motion pursuant to CPLR 4404 (a) to set aside the verdict and for judgment in her favor as a matter of law, or alternatively, to set aside the verdict as against the weight of the evidence and for a new trial.

Ordered that the judgment and the order are affirmed, with one bill of costs.

To conclude as a matter of law that a jury verdict is not supported by sufficient evidence, a court must determine that "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). Contrary to the plaintiff's contention, viewing the evidence in the light most favorable to the defendants (*see Alexander v Eldred*, 63 NY2d 460 [1984]), a valid line of reasoning existed for the jury's determination that the doctrine of res ipsa loquitur did not apply to this case and that the defendants were not negligent for the happening of the injury-producing event (*see generally Morejon v Rais Constr. Co.*, 7 NY3d 203, 209 [2006]). Moreover, the verdict was not against the weight of the evidence (*see Nicastro v Park*, 113 AD2d 129 [1985]). Miller, J.P., Spolzino, Goldstein and McCarthy, JJ., concur.