■ TRAVELERS INDEMNITY COMPANY et al., Respondents, v S.T.S. FIRE PREVENTION, Appellant. [839 NYS2d 509]—

In an action to recover damages for injury to property based on negligence, the defendant appeals from a judgment of the Supreme Court, Westchester County (Bellantoni, J.), dated August 25, 2004, which, upon the denial of its motion, in effect, pursuant to CPLR 4401, made at the close of the evidence, for judgment as a matter of law, and upon a jury verdict, finding the defendant 95% at fault, is in favor of the plaintiffs and against it in the principal sum of $273,202.35.

Ordered that the judgment is affirmed, with costs.

The plaintiffs were the insurers of restaurant property which sustained fire damage. After the plaintiffs paid the claim, they commenced this action, as subrogees of the insured, against the defendant, a fire protection services company, which had inspected and "signed off on" the fire suppression system in the restaurant. On appeal, the defendant argues, inter alia, that the evidence adduced at trial was legally insufficient to support the verdict.

In evaluating the legal sufficiency of a verdict, we "must determine whether there is any 'valid line of reasoning and permissible inferences which could possibly lead a rational [person] to the conclusion reached by the jury on the basis of the evidence presented at trial' " (*Schwalb v Kulaski*, 38 AD3d 876 [2007], quoting *Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). Additionally, a jury verdict will not be set aside as

against the weight of the evidence unless the verdict could not have been reached on any fair interpretation of the evidence (*see Schwalb v Kulaski, supra; Nicastro v Park,* 113 AD2d 129, 132 [1985]).

Viewing the evidence in the light most favorable to the plaintiffs (*see Campbell v City of Elmira,* 84 NY2d 505, 509 [1994]; *Alexander v Eldred,* 63 NY2d 460, 464 [1984]; *Whitney v New York City Tr. Auth.,* 38 AD3d 766 [2007]; *Tribuzio v City of New York,* 15 AD3d 646, 647 [2005]; *DiMicelli v McCormack,* 3 AD3d 547, 548 [2004]; *Francisquini v New York City Bd. of Educ.,* 305 AD2d 455, 456 [2003]), we find that a valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the jury, that the defendant was negligent in its inspection of the restaurant's fire suppression system, that said negligence was a proximate cause of the damages sustained as a result of the fire, and that the defendant's share of the liability amounted to 95% of the total liability (*see Cohen v Hallmark Cards, supra* at 499; *see also Kaplan v Miranda,* 37 AD3d 762 [2007]; *Taylor v Martorella,* 35 AD3d 722, 723-724 [2006]). Moreover, the jury's verdict was not against the weight of the evidence (*see Whitney v New York City Tr. Auth., supra; Kaplan v Miranda, supra; Crawford v New York City Hous. Auth.,* 33 AD3d 956, 957 [2006]; *O'Donnell v Blanaru,* 33 AD3d 776, 777 [2006]; *Malaspina v Victory Mem. Hosp.,* 29 AD3d 646, 647 [2006]; *cf. Evers v Carroll,* 17 AD3d 629, 631 [2005]).

The defendant's remaining contention is without merit. Schmidt, J.P., Santucci, Skelos and Lifson, JJ., concur.