■ ERROL MCDONALD et al., Appellants, v COLONIAL STEEL CORP., Respondent, et al., Defendants. [859 NYS2d 692]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Partnow, J.), dated November 21, 2006, which denied their motion pursuant to CPLR 4404 (a) to set aside a jury verdict on the issue of liability finding the plaintiff Errol McDonald 85% at fault in the happening of the accident and the defendant Colonial Steel Corp. 15% at fault, and (2) so much of a judgment of the same court dated February 6, 2007, as, upon a jury verdict on the issue of damages, and upon the order, is in their favor and against the defendant Colonial Steel Corp. in the principal sum of only $165,000.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant Colonial Steel Corp.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff Errol McDonald (hereinafter the plaintiff) was injured while unloading steel bars from the back of a flatbed truck owned by the defendant Colonial Steel Corp.

The jury's finding that the plaintiff was negligent was supported by legally sufficient evidence (*see Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]; *Golson v Addei,* 216 AD2d 268, 269 [1995]; *Blades v Franklin Gen. Hosp.,* 199 AD2d 232, 233-234 [1993]; *see also Arpino v Jovin C. Lombardo, P.C.,* 215 AD2d 614, 615 [1995]; *Grcic v City of New York,* 139 AD2d 621, 625 [1988]). Further, the finding that the plaintiff was 85% at fault in the happening of the accident was not against the weight of the evidence (*see Travelers Indem. Co. v S.T.S. Fire Prevention,* 41 AD3d 835, 836 [2007]; *Evers v Carroll,* 17 AD3d 629, 631 [2005]). The jury's apportionment of liability is not inconsistent with a fair interpretation of the evidence (*see Turner v Sixtieth St. Automotive Serv. Corp.,* 299 AD2d 477, 478 [2002]; *Fertik v Fertik,* 264 AD2d 463, 464 [1999]).

The plaintiffs' contention that the defense summation undermined a curative instruction to disregard any evidence of negligence by third parties is without merit (*see Murray v Weisenfeld,* 37 AD3d 432, 434 [2007]; *Gonzalez v Lok K. Cheng,* 287 AD2d 595, 596 [2001]; *Califano v City of New York,* 212 AD2d 146, 153-154 [1995]). Rivera, J.P., Covello, Angiolillo and McCarthy, JJ., concur.