SECOND DEPARTMENT, FEBRUARY, 2010

(February 2, 2010)

■ DARLENE ALBURY et al., Appellants, v TERRENCE O'REILLY, JR., et al., Respondents. [892 NYS2d 893]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Elliot, J.), entered March 17, 2008, as, upon a jury verdict, awarded the plaintiff Darlene Albury damages in the sum of only $30,000 for past pain and suffering and $0 for future damages.

Ordered that the appeal by the plaintiff William Albury is dismissed on the ground that he is not aggrieved by the portion of the judgment appealed from (*see* CPLR 5511); and it is further,

Ordered that the judgment is affirmed insofar as appealed from by the plaintiff Darlene Albury, with costs.

The trial court did not err in declining to charge the jury on the permanent loss of use category of Insurance Law § 5102 (d). In order to qualify as a serious injury within the meaning of the no-fault statute, a "permanent loss of use" must be total (*Oberly v Bangs Ambulance*, 96 NY2d 295, 297 [2001] [internal quota-

tion marks omitted]). The plaintiff Darlene Albury did not sustain a total loss of use of any body part or organ. Therefore, the court properly declined to charge the jury on this category of serious injury.

The amount of the damages awards in question did not deviate materially from what would be reasonable compensation (*see* CPLR 5501).

The plaintiffs' remaining contentions are without merit. Skelos, J.P., Santucci, Dickerson and Roman, JJ., concur.