■ Kathleen M. Conlon et al., Respondents-Appellants, v Charles P. Foley, Jr., et al., Appellants-Respondents. [900 NYS2d 458]—

In an action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Kings County (Vaughan, J.), entered October 3, 2008, which, upon a jury verdict finding that the plaintiff Kathleen M. Conlon sustained damages in the principal sum of $5,000,000 for past pain and suffering, and upon the denial of their motion, in effect, pursuant to CPLR 4404 (a), to set aside the jury verdict as

contrary to the weight of the evidence and for a new trial, or to set aside the jury verdict on the issue of damages for past pain and suffering as excessive, is in favor of the plaintiff Kathleen M. Conlon and against them in the principal sum of $5,000,000, and the plaintiffs, Kathleen M. Conlon and Michael J. Conlon, cross-appeal, as limited by their brief, from so much of the same judgment as, upon so much of the jury verdict as found that the plaintiff Kathleen M. Conlon sustained zero damages for future pain and suffering, failed to award damages for future pain and suffering.

Ordered that the cross appeal of the plaintiff Michael J. Conlon is dismissed, as he is not aggrieved by the portion of the judgment cross-appealed from (see CPLR 5511; Albury v O'Reilly, 70 AD3d 612 [2010]); and it is further,

Ordered that the judgment is reversed, on the law, on the facts, and in the exercise of discretion, with costs, that branch of the defendants' motion which was, in effect, pursuant to CPLR 4404 (a) to set aside the damages award for past pain and suffering as excessive is granted, and a new trial is granted on the issue of damages for past pain and suffering, unless within 30 days after service upon the plaintiff Kathleen M. Conlon of a copy of this decision and order, she shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the principal sum of $5,000,000 to the principal sum of $700,000, and to the entry of an amended judgment accordingly, and a new trial is granted on the issue of damages for future pain and suffering, unless within 30 days after service upon the defendants of a copy of this decision and order, the defendants shall serve and file in the Office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to increase the verdict as to damages for future pain and suffering from the sum of zero to the principal sum of $100,000, and to the entry of an amended judgment accordingly; in the event that the plaintiff Kathleen M. Conlon and the defendants so stipulate, then the judgment, as so adjusted and amended, is affirmed insofar as appealed from by the defendants and insofar as cross-appealed from by the plaintiff Kathleen M. Conlon, without costs or disbursements.

The defendants correctly contend that the award for past pain and suffering in the principal sum of $5,000,000 is excessive, as it deviates materially from what would be reasonable compensation (see CPLR 5501 [c]). The physicians who treated the plaintiff Kathleen M. Conlon (hereinafter Mrs. Conlon) testified that she sustained two herniated discs, which were causally

related to her 1999 automobile accident. In 2004 she underwent a surgical procedure on her spine known as a laminectomy and fusion. Mrs. Conlon is able to work full-time as a teacher, care for her children, and perform her customary daily activities. She did testify that her pain never goes away completely, and that she receives regular epidural injections, which give her some temporary relief from pain.

Under the circumstances, and taking into account awards in similar cases (*see Zimnoch v Bridge View Palace, LLC*, 69 AD3d 928 [2010]; *Serrano v 432 Park S. Realty Co., LLC*, 59 AD3d 242 [2009]; *Van Nostrand v Froehlich*, 18 AD3d 539 [2005]; *Kane v Coundorous*, 11 AD3d 304 [2004]; *Lifshits v Variety Poly Bags*, 5 AD3d 566 [2004]), we find that an award of $700,000 for past pain and suffering would not deviate materially from what would be reasonable compensation.

Furthermore, the award of zero damages for future pain and suffering was not based on a fair interpretation of the evidence, and is inadequate to the extent indicated (*see* CPLR 5501 [c]; *Conley v City of New York*, 40 AD3d 1024 [2007]; *Purcell v Axelsen*, 286 AD2d 379 [2001]).

The parties' remaining contentions are either unpreserved for appellate review or without merit. Miller, J.P., Leventhal, Chambers and Lott, JJ., concur.