■ HOLLY CHAVANNE et al., Respondents-Appellants, v BZL CLEANING SOLUTION, INC., Respondent, et al., Defendants, and TJX COMPANIES, INC., Appellant-Respondent. [923 NYS2d 175]—

In an action to recover damages for personal injuries, etc., the defendant TJX Companies, Inc., appeals, as limited by its brief, from so much of an interlocutory judgment of the Supreme Court, Queens County (Elliot, J.), entered August 27, 2010, as, upon so much of a jury verdict on the issue of liability as found it 50% at fault in the happening of the accident, and upon the denial of its motion pursuant to CPLR 4404 (a) to set aside the jury verdict as contrary to the weight of the evidence, is in favor of the plaintiffs and against it to the extent that the interlocutory judgment held it 50% at fault in the happening of the accident, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same interlocutory judgment as, upon so much of the jury verdict on the issue of liability as found the injured plaintiff 20% at fault in the happening of the accident, and upon the denial of their motion pursuant to CPLR 4404 (a) to set aside the jury verdict as a matter of law, or to set aside the jury verdict as contrary to the weight of the evidence, is in favor of the defendants TJX Companies, Inc., and BZL Cleaning Solution, Inc., to the extent that it held the injured plaintiff 20% at fault in the happening of the accident.

Ordered that the interlocutory judgment is affirmed, without costs or disbursements.

The plaintiff Holly Chavanne (hereinafter Chavanne) was injured at a Marshalls department store in Queens on a Satur-

day morning in December 2007 when an employee of the defendant BZL Cleaning Solution, Inc. (hereinafter BZL), struck her feet with a floor buffer which he was pushing toward a storage closet with the motor running. Subsequently, Chavanne, and her husband, suing derivatively (hereinafter together the plaintiffs), commenced this action against, among others, BZL and TJX Companies, Inc. (hereinafter TJX), as the owner/operator of Marshalls' retail stores.

At a trial on the issue of liability, Chavanne testified, inter alia, that she saw and heard the round, circular part of the floor buffer spinning when it was three to five feet from where she stood looking through a rack of clothes. BZL's employee testified, inter alia, that he knew the store had already opened to customers and had completed buffing the floors when he was pushing the machine to a storage area and turned into the main hallway to avoid bumping into anyone. Both BZL's employee and the store assistant manager unequivocally testified that the buffer should not be operated during store hours for safety reasons and established that, when the buffer was being used, it made a loud noise which made conversation impossible and could be heard from halfway across the store. Chavanne testified that before the accident, she was facing the rack of clothing, and turned and saw the buffer directly in front of her the moment she heard the noise. The BZL employee, however, testified that Chavanne appeared suddenly and came right toward him as he pushed the buffer down the aisle.

Contrary to the plaintiffs' contention, the jury verdict finding Chavanne 20% at fault in the happening of the accident was supported by legally sufficient evidence. In light of the testimony regarding the noise of the operating machinery in close proximity to Chavanne, and the testimony that she suddenly came toward the BZL employee as he pushed the buffer, there was a valid line of reasoning and permissible inferences which could lead a rational person to conclude that she failed to perceive what was readily observable by the reasonable use of her senses and, thus, was 20% at fault (*see generally Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *see Neiderbach v 7-Eleven, Inc.*, 56 AD3d 632, 633 [2008]; *Schoen v King Kullen Grocery Co.*, 296 AD2d 486 [2002]).

"[A] jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence" (*Desposito v City of New York*, 55 AD3d 659, 660-661 [2008]; *see Guclu v 900 Eighth Ave. Condominium, LLC*, 81 AD3d 592 [2011]; *Kaplan v Miranda*, 37 AD3d 762 [2007]). Whether a jury verdict should be

set aside as contrary to the weight of the evidence requires a discretionary balancing of many factors (*see Cohen v Hallmark Cards*, 45 NY2d 493 [1978]; *Nicastro v Park*, 113 AD2d 129 [1985]). Applying these principles here, the verdict as to Chavanne's liability was supported by a fair interpretation of the evidence and was not contrary to the weight of the evidence.

TJX contends that the verdict finding it 50% at fault is contrary to the weight of the evidence. "Owners and business proprietors have a duty to maintain their property 'in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk'" (*Dabnis v West Islip Pub. Lib.*, 45 AD3d 802, 803 [2007], quoting *Peralta v Henriquez*, 100 NY2d 139, 144 [2003]; *see Walsh v Super Value, Inc.*, 76 AD3d 371, 375 [2010]). We find that, in light of the discretionary balancing of many factors in determining whether a verdict is supported by the weight of the evidence (*see Cohen v Hallmark Cards*, 45 NY2d at 499; *Nicastro v Park*, 113 AD2d at 132), the jury's verdict that TJX was 50% at fault was supported by a fair interpretation of the evidence, which included the store's assistant manager's admission that she could have stopped BZL's employee from operating the floor buffer when she heard it being operated after the store had opened to customers, but inexplicably failed to do so (*see Cohen v Hallmark Cards*, 45 NY2d at 498-499; *Nicastro v Park*, 113 AD2d at 135).

Contrary to the contention of TJX, the trial court did not improperly "direct[ ] a verdict" in the plaintiffs' favor holding TJX vicariously liable for BZL's inherently dangerous activity. Instead, the trial court denied the request of TJX to charge the jury on this issue (*see* PJI 2:255) and properly charged the jury on principles of negligence. The trial court asked the jury to consider only whether TJX was negligent and, if so, whether such negligence was a substantial factor in bringing about the occurrence. Accordingly, TJX's contention is without merit. Angiolillo, J.P., Florio, Lott and Austin, JJ., concur.