■ RONALD B. WEATHERS, Respondent, et al., Plaintiff, v ALEX RIOS, Appellant. [990 NYS2d 853]—

In an action, inter alia, to recover damages for personal injuries, the defendant appeals (1) from a judgment of the Supreme Court, Kings County (Solomon, J.), dated September 6, 2012, which, upon a jury verdict on the issue of damages finding that the plaintiff Ronald B. Weathers sustained damages in the principal sums of $450,000 for past pain and suffering, $1,000,000 for future pain and suffering, $72,000 for future physical therapy, and $125,000 for future medical expenses, is in favor of that plaintiff and against him in the principal sum of $1,647,000, and (2) as limited by his brief, from so much of an order of the same court dated September 27, 2012, as denied that branch of his motion pursuant to CPLR 4404 (a) which was to set aside the jury verdict on the issue of damages as excessive.

Ordered that the judgment is reversed, on the facts and in the exercise of discretion, with costs, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages, unless within 30 days after service upon the plaintiff Ronald B. Weathers of a copy of this decision and order, that plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the principal sum of $450,000 to the principal sum of $350,000, future pain and suffering from the principal sum of $1,000,000 to the principal sum of $450,000, future physical therapy from the principal sum of $72,000 to $0, and future medical expenses from the principal sum of $125,000 to $0, and to the entry of an appropriate amended judgment; in the event that the plaintiff Ronald B. Weathers so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements; and it is further,

Ordered that the appeal from the order is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the judgment.

Under the circumstances of this case, the jury's awards of damages for past pain and suffering and future pain and suffering deviate materially from what would be reasonable compensation to the extent indicated herein (*see* CPLR 5501 [c]; *Graves v New York City Tr. Auth.*, 81 AD3d 589 [2011]; *Conlon v Foley*, 73 AD3d 836, 838 [2010]; *DeSimone v Royal GM, Inc.*, 49 AD3d 490 [2008]; *Sanz v MTA-Long Is. Bus*, 46 AD3d 867 [2007]; *Van*

*Nostrand v Froehlich*, 18 AD3d 539 [2005]; *Cromas v Kosher Plaza Supermarket*, 300 AD2d 273, 274 [2002]).

Furthermore, the award of damages for future physical therapy and future medical expenses is not supported by the record and was based upon speculation (*see Mohamed v New York City Tr. Auth.*, 80 AD3d 677, 679 [2011]; *Petrilli v Federated Dept. Stores, Inc.*, 40 AD3d 1339, 1344 [2007]; *O'Donnell v Blanaru*, 33 AD3d 776, 776-777 [2006]; *Jansen v Raimondo & Son Constr. Corp.*, 293 AD2d 574, 575 [2002]). Dillon, J.P., Leventhal, Sgroi and Maltese, JJ., concur.