■ RONALD B. WEATHERS, as Assignee of the Rights of Alex Rios, Respondent, v TRI STATE CONSUMER INSURANCE COMPANY, Appellant, et al., Defendants. [59 NYS3d 748]—

In an action, inter alia, to recover damages for breach of the implied covenant of good faith and fair dealing, the defendant Tri State Consumer Insurance Company appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated April 7, 2016, which denied its motion, in effect, pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

In June 2008, a vehicle driven by Alex Rios collided with a vehicle driven by Ronald B. Weathers in Brooklyn. Thereafter, Weathers commenced a personal injury action against Rios. Rios had an insurance policy with the defendant Tri State Consumer Insurance Company (hereinafter Tri State) at the time of the accident, with liability limits of $100,000 per person and $300,000 per occurrence. Pursuant to the policy, Tri State undertook Rios's defense in the personal injury action. After Weathers successfully moved for summary judgment on the issue of liability, the personal injury action proceeded to a trial on the issue of damages. The jury awarded Weathers damages in the principal sums of $450,000 for past pain and suffering, $1,000,000 for future pain and suffering, $72,000 for future physical therapy, and $125,000 for future medical expenses, and a judgment was entered upon the verdict. Rios moved to set aside the verdict and for a reduction of the awards, but the motion was denied.

Rios appealed. In a decision and order dated August 20, 2014, this Court reversed the judgment and remitted the matter for a new trial on the issue of damages, "unless within 30 days after service upon [Weathers] of a copy of this decision and order, [Weathers] shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the principal sum of $450,000 to the principal sum of $350,000, future pain and suffering from the principal sum of $1,000,000 to the principal sum of $450,000, future physical therapy from the principal sum of $72,000 to $0, and future medical expenses from the principal sum of $125,000 to $0, and to the entry of an appropriate amended judgment" (*Weathers v Rios*, 120 AD3d 663, 664 [2014]). This Court's decision

and order further directed that, in the event that Weathers "so stipulates, then the judgment, as so reduced and amended, is affirmed" (*id.* at 664). Pursuant to a written stipulation, Weathers consented to reduce the damages award for past pain and suffering from $450,000 to $350,000, and to reduce the damages award for future pain and suffering from $1,000,000 to $450,000, in accordance with this Court's decision and order. However, he did not agree to reduce the damages awards for future physical therapy and future medical expenses to $0 (*cf. Smith v Bywise Holding, LLC*, 76 AD3d 1006 [2010]).

Subsequently, Rios assigned his rights against Tri State to Weathers. Weathers, as assignee of Rios's rights, then commenced this action alleging that Tri State acted in bad faith by refusing to settle this case before the trial for the policy limit of $100,000 and breached the implied covenant of good faith and fair dealing in handling the defense of the personal injury action on behalf of Rios. Tri State moved, in effect, pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against it. Tri State argued that this Court's decision and order in the personal injury action did not permit Weathers, the personal injury plaintiff, to pick and choose which modified awards he would accept and which awards he would reject. Tri State contended that, because Weathers did not "unconditionally accept" the reduced awards set forth in this Court's decision and order within 30 days, he "has the right to a new trial, nothing else." Tri State argued that the instant "bad faith" action is premature "because there is no jury verdict on damages at this stage," and therefore, it cannot be said "that Tri State acted in bad faith for refusing to settle [the personal injury] case." The Supreme Court denied the motion.

Under the particular circumstances of this case, Tri State has failed to establish any ground to dismiss the complaint insofar as asserted against it. Although there are outstanding questions as to the total award of damages in the personal injury action, Tri State has failed to demonstrate why that prevents Weathers from maintaining an action against Tri State alleging bad faith refusal to settle and breach of the implied covenant of good faith and fair dealing (*see generally Smith v General Acc. Ins. Co.*, 91 NY2d 648, 654 [1998]; *St. Paul Fire & Mar. Ins. Co. v United States Fid. & Guar. Co.*, 43 NY2d 977, 978 [1978]). Accordingly, the Supreme Court properly denied the motion. Mastro, J.P., Rivera, Hall and Maltese, JJ., concur.