Weathers v Tri State Consumer Ins. Co. (2019 NY Slip Op 00160)





Weathers v Tri State Consumer Ins. Co.


2019 NY Slip Op 00160


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
JOSEPH J. MALTESE, JJ.


2016-04608 ON MOTION
 (Index No. 840/15)

[*1]Ronald B. Weathers, as assignee of the rights of Alex Rios, respondent, 
v
Tri State Consumer Insurance Company, appellant, et al., defendants. DECISION & ORDER Motion by the appellant for leave to reargue an appeal from an order of the Supreme Court, Kings County, dated April 7, 2016, which was determined by decision and order of this Court dated August 9, 2017, or, in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court. Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is ORDERED that the branch of the motion which is for leave to appeal to the Court of Appeals is denied; and it is further, ORDERED that the branch of the motion which is for leave to reargue is granted, and, upon reargument, the decision and order of this Court dated August 9, 2017 (see Weathers v Tri State Consumer Ins. Co., 153 AD3d 651), is recalled and vacated, and the following decision and order is substituted therefor:

Kaufman Dolowich & Voluck, LLP, New York, NY (Patrick M. Kennell of counsel), for appellant.
Bruce S. Reznick, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for respondent.
In an action, inter alia, to recover damages for breach of the implied covenant of good faith and fair dealing, the defendant Tri State Consumer Insurance Company appeals from an order of the Supreme Court, Kings County (Martin M. Solomon, J.), dated April 7, 2016. The order denied the motion of that defendant, in effect, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Tri State Consumer Insurance Company, in effect, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it is granted.
In June 2008, a vehicle driven by Alex Rios collided with a vehicle driven by Ronald B. Weathers in Brooklyn. Thereafter, Weathers commenced a personal injury action against Rios. Rios had an insurance policy with the defendant Tri State Consumer Insurance Company (hereinafter Tri State) at the time of the accident, with liability limits of $100,000 per person and $300,000 per [*2]occurrence. Pursuant to the policy, Tri State undertook Rios's defense in the personal injury action. After Weathers successfully moved for summary judgment on the issue of liability, the personal injury action proceeded to a trial on the issue of damages. The jury awarded Weathers damages in the principal sums of $450,000 for past pain and suffering, $1,000,000 for future pain and suffering, $72,000 for future physical therapy, and $125,000 for future medical expenses, and a judgment was entered upon the verdict. Rios moved to set aside the verdict and for a reduction of the awards, but the motion was denied.
Rios appealed. In a decision and order dated August 20, 2014, this Court reversed the judgment and remitted the matter for a new trial on the issue of damages, "unless within 30 days after service upon [Weathers] of a copy of this decision and order, [Weathers] shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the principal sum of $450,000 to the principal sum of $350,000, future pain and suffering from the principal sum of $1,000,000 to the principal sum of $450,000, future physical therapy from the principal sum of $72,000 to $0, and future medical expenses from the principal sum of $125,000 to $0, and to the entry of an appropriate amended judgment" (Weathers v Rios, 120 AD3d 663, 664). This Court's decision and order further directed that, in the event that Weathers "so stipulates, then the judgment, as so reduced and amended, is affirmed" (id. at 664).
Pursuant to a written stipulation, Weathers consented to reduce the damages award for past pain and suffering from $450,000 to $350,000, and to reduce the damages award for future pain and suffering from $1,000,000 to $450,000, in accordance with this Court's decision and order. However, he did not agree to reduce the damages awards for future physical therapy and future medical expenses to $0, and instead sought a new trial with respect to those categories of damages.
Subsequently, Rios assigned his rights against Tri State to Weathers. Weathers, as assignee of Rios's rights, then commenced this action alleging that Tri State acted in bad faith by refusing to settle this case for the policy limit of $100,000 and breached the implied covenant of good faith and fair dealing in handling the defense of the personal injury action on behalf of Rios. Tri State moved, in effect, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it. Tri State argued that this Court's decision and order in the personal injury action did not permit Weathers, the personal injury plaintiff, to pick and choose which modified damages awards he would accept and which awards he would reject. Tri State contended that, because Weathers did not "unconditionally accept" the reduced awards set forth in this Court's decision and order within 30 days, he "has the right to a new trial, nothing else." Accordingly, Tri State argued that the instant "bad faith" action was premature "because there is no jury verdict on damages at this stage," and therefore, it cannot be said "that Tri State acted in bad faith for refusing to settle [the personal injury] case." The Supreme Court denied the motion.
Contrary to Weathers's contention, this Court's previous decision and order in the personal injury action did not permit him to accept only some of the reduced damages awards and to opt for a new trial as to other awards. Rather, this Court's decision and order affirmed the judgment in the personal injury action only on the condition that Weathers stipulate to all of the reduced awards. Therefore, because Weathers failed to timely stipulate to all of the reduced awards, in accordance with this Court's decision and order, the matter is subject to a new trial on all the categories of damages. Furthermore, Weathers erroneously relies upon our decision in Smith v Bywise Holding, LLC (76 AD3d 1006) as authority for the proposition that a plaintiff may pick and choose which reduced damages awards to accept and which to reject. The propriety of a piecemeal acceptance of some awards and rejection of others was never at issue in that case, nor did our decision in that case hold that such an approach was permissible.
Under these circumstances, the Supreme Court should have granted Tri-State's motion, in effect, to dismiss the complaint in this action insofar as asserted against it as premature, "because the judgment in the underlying action—a necessary predicate to [a cause of action alleging bad faith refusal to settle]—was not in effect" (Roldan v Allstate Ins. Co., 149 AD2d 20, 32).
MASTRO, J.P., RIVERA, CHAMBERS and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court