Weathers v Tri State Consumer Ins. Co. (2022 NY Slip Op 05559)

Weathers v Tri State Consumer Ins. Co.

2022 NY Slip Op 05559

Decided on October 5, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 5, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2020-01403
 (Index No. 840/15)

[*1]Ronald B. Weathers, etc., respondent, 
v
Tri State Consumer Insurance Company, appellant.

Schwartz Conroy & Hack, P.C., Garden City, NY (Evan S. Schwartz and Matthew J. Conroy of counsel), for appellant.
Bruce S. Reznick (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of the implied covenant of good faith and fair dealing, the defendant appeals from an order of the Supreme Court, Kings County (Wayne P. Saitta, J.), dated November 7, 2019. The order granted the plaintiff's motion pursuant to CPLR 2004 and 2005 for an enlargement of time to stipulate to all of the reduced damages awards set forth in Weathers v Rios (120 AD3d 663).
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion pursuant to CPLR 2004 and 2005 for an enlargement of time to stipulate to all of the reduced damages awards set forth in Weathers v Rios (120 AD3d 663) is denied.
The underlying facts of this action may be found in our decisions and orders in prior related appeals, Weathers v Tri State Consumer Ins. Co. (168 AD3d 785 [hereinafter Weathers III]), and Weathers v Rios (120 AD3d 663 [hereinafter Weathers I]). As pertinent here, following our decision and order in Weathers III, the plaintiff moved in this Court, inter alia, pursuant to CPLR 2004 and 2005 for an enlargement of time to stipulate to all of the reduced damages awards set forth in Weathers I, the underlying personal injury action. In a decision and order on motion dated June 24, 2019, this Court, among other things, denied that branch of the plaintiff's motion which was to extend his time to stipulate to all of the reduced damages awards without prejudice to seeking "appropriate relief" in the Supreme Court. Subsequently, the plaintiff moved for the same relief in the Supreme Court, in the same action. The defendant opposed. In an order dated November 7, 2019, the Supreme Court granted the plaintiff's motion. The defendant appeals.
As a threshold matter, "[t]rial courts are without authority to vacate or modify orders of the Appellate Division" (Wiener v Wiener, 10 AD3d 362, 363 [internal quotation marks omitted]; cf. Marr v Tumulty, 256 NY 664, 664-665). Furthermore, under the circumstances presented here, the plaintiff failed to meet his burden under CPLR 2004 and 2005. "CPLR 2004 allows a court to extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown" (Ibrahim v Nablus Sweets Corp., 161 AD3d 961, 963 [internal quotation marks omitted]). CPLR 2005 permits a court to exercise its discretion in the interest of justice to excuse a default resulting from law office failure (see Casali v Cyran, 84 AD3d 711, 712; [*2]Vita v Alstom Signaling, 308 AD2d 582, 583). Here, the plaintiff failed to make an adequate showing of good cause, as he did not offer a valid reason for the requested extension, and did not demonstrate that his failure to timely stipulate to the reduced damages awards in accordance with this Court's decision and order in Weathers I was due to law office failure. "There is a difference between law office failure and misguided strategy" (OCE Bus. Sys. v Sopher & Co., 186 AD2d 464, 464; see Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d 772, 774; Bove v Bove, 170 AD3d 648, 649). Accordingly, the Supreme Court improperly granted the plaintiff's motion.
The defendant's remaining contentions either are without merit, are improperly raised for the first time on appeal, or need not be addressed in light of our determination.
BARROS, J.P., MILLER, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court